OPINION
{¶ 1} Defendant-appellant Rubin Szerlip appeals from the October 7, 2002, Journal Entry of the Mt. Vernon Municipal Court. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant was convicted in the Mount Vernon Municipal Court of menacing by stalking (Case No. 99 CRB 141). Appellant then appealed. Pursuant to an Opinion filed on February 25, 2002, in State v. Szerlip,
Knox App. No. 01CA05, this Court affirmed appellant's conviction.
 {¶ 3} Thereafter, on October 4, 2002, appellant filed a "Motion for Relief Pursuant to Criminal Rule 33 and Civil Rule 60(B)", alleging that "new information regarding his appeal of Mount Vernon Municipal Court Case No. 99 CRB 141 . . . has come to light." Appellant, in his motion, argued that this Court, in our May 20, 2002, Opinion in Szerlip v.Szerlip, Knox App. No. 01CA16, 2002-Ohio-2540, determined that appellant was falsely imprisoned in such case during the time that his brief in his original appeal in this case was due. In his motion, appellant argued that, for such reason, he was forced to file his appellate brief in this case without access to a law library, a transcript of the proceedings, a copy of the record, and without "the constitutionally guaranteed right to counsel."[1] Appellant, in his motion, specifically argued that "[t]he false incarceration could not have been foreseen by the Appellant, and he was not and should not now be, held responsible for any act or failure to act, arising during the time of his illegal incarceration, i.e., filing an appellate brief without the constitutionally guaranteed right to counsel, and access to a law library, the record, or an assistant, . . ."
 {¶ 4} As memorialized in a Journal Entry filed on October 7, 2002, the trial court overruled appellant's motion.
 {¶ 5} It is from the trial court's October 7, 2002, Journal Entry that appellant now appeals, raising the following assignments of error:
 {¶ 6} "I. The Trial Court erred, abused its discretion, completely denied appellant's constitutional rights and acted contrary to law when it failed to appoint a public defender on behalf of appellant, who is indigent; and forced appellant to proceed in pro se, without a knowing and intelligent waiver of legal counsel and without inquiring into appellant's competence to represent himself, when appellant has only a sixth grade education and severe health problems; in violation of the Sixth Amendment.
 {¶ 7} "II. The Trial Court erred, abused its discretion, acted contrary to law, and completely denied appellant's constitutional rights when it denied to him the criminal transcripts that must be afforded to indigent appellants, along with access to a law library.
 {¶ 8} "III. The trial court erred, abused its discretion, and acted contrary to law when it denied appellant to present his appeal brief, with access or possession of all papers, transcript, (partial transcripts), etc., in violation of the fifth, sixth, and fourteenth amendments.
 {¶ 9} "IV. By and through the trial court's actions as a whole, the appellant's due process rights have been completely denied; he was completely prevented from presenting an appeal, (which completely prejudiced him, according to this court's own opinion), and was completely denied a fair appeal.
 {¶ 10} "V. The Trial Court erred when it denied appellant's motion for relief without holding a hearing to allow appellant to bring forth his evidence and elicit testimony and without filing findings of fact and conclusions of law.
 {¶ 11} "VI. Ineffective Counsel: as appellant was denied appointed counsel and could not afford nor hire his own counsel, the fact that appellant was forced to proceed both in the trial and in his appeal without counsel, is prima facie proof of ineffective counsel — any attorney would have been better than a layperson acting as his own attorney — especially one with a sixth grade education and health problems."
I, II, III, IV, V
 {¶ 12} Appellant, in his first five assignments of error, argues that the trial court erred in overruling appellant's "Motion for Relief Pursuant to Criminal Rule 33 and Civil Rule 60(B)." Appellant further argues that the trial court should have held a hearing on his motion. We disagree.
 {¶ 13} Crim.R. 33, which is captioned "New Trial", states, in relevant part, as follows:
 {¶ 14} "A) Grounds
 {¶ 15} "A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
 {¶ 16} "(1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;
 {¶ 17} "(2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state;
 {¶ 18} "(3) Accident or surprise which ordinary prudence could not have guarded against;
 {¶ 19} "(4) That the verdict is not sustained by sufficient evidence or is contrary to law. If the evidence shows the defendant is not guilty of the degree of crime for which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict or finding accordingly, without granting or ordering a new trial, and shall pass sentence on such verdict or finding as modified;
 {¶ 20} "(5) Error of law occurring at the trial;"
 {¶ 21} Appellant, in his motion before the trial court, did not argue that any of the above grounds for a new trial were present. Rather, appellant argued that, based on his "false incarceration" while his original appeal in the case sub judice was pending, he was unable to effectively pursue his appeal. We find, therefore, that the trial court did not err in overruling appellant's motion for relief pursuant to Crim.R. 33.
 {¶ 22} As is stated above, appellant, in his motion for the trial court, also asked for relief pursuant to Civ.R. 60(B). Since the Civil Rules do not apply in criminal cases, a criminal defendant's Civ. R. 60(B) motion for relief from a criminal conviction should be treated as a petition for post-conviction relief pursuant to R.C. 2953.21. See Statev. Johnson, Richland App. No. 01-CA-88, 2002-Ohio-254.
 {¶ 23} R.C. 2953.21(A) states, in part, as follows: "(1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." Appellant, in his October 4, 2002, motion before the trial court, did not argue that there was such a denial or infringement of his rights so as to render his conviction void or voidable, but rather argued that he was prevented from pursuing an effective appeal . We find, on such basis, that the trial court did not error in overruling appellant's motion for relief pursuant to Civ.R. 60(B).
 {¶ 24} Based on the foregoing, we find that the trial court did not err in denying appellant's motion without holding a hearing.
 {¶ 25} Appellant's first, second, third, fourth and fifth assignments of error are, therefore, overruled.
 VI {¶ 26} Appellant, in his second assignment of error, argues that he was denied effective assistance of counsel both at the trial court and appellate levels.
 {¶ 27} As is stated above, appellant was convicted in the Mount Vernon Municipal Court of menacing by stalking. After appellant filed a pro se appeal, appellant's conviction was affirmed by this Court. Appellant now argues that the trial court should have appointed counsel to represent him at trial and that "[t]he fact that appellant was forced to proceed . . . in the trial . . . without counsel, is prima facie proof of ineffective counsel."
 {¶ 28} "Under the doctrine of res judicata, a final judgment of conviction bars the convicted from raising or litigating in any proceedings, except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised . . . on an appeal from that judgment." State v. Perry (May 3, 1967), 10 Ohio St.2d 175,180, 226 N.E.2d 104. Appellant could have raised the issue of the trial court's refusal to appoint counsel for him in his direct appeal.[2] Any claims of ineffective assistance of appellate counsel were not properly before the trial court.
 {¶ 29} Appellant's sixth assignment of error is, therefore, overruled.
 {¶ 30} Accordingly, the judgment of the Mount Vernon Municipal Court is affirmed.
Edwards, J., Gwin, P.J. and Wise, J., concur.
[1] In Szerlip v. Szerlip, this Court did not hold that appellant was falsely imprisoned. Rather, this Court held that a motion to impose appellant's suspended jail time was never filed prior to the issuance of an arrest warrant for appellant and that, while appellant may have violated a condition of his suspended sentence by failing to appear at a hearing, appellant never received notification prior to his incarceration of a motion to impose sentence.
[2] We note that appellant, in his original appeal in this case, did assign as error the trial court's failure to appoint an assistant for him.