{¶ 16} I concur with the judgment of the majority, but respectfully dissent on the portion of the majority analysis that applies Civ.R. 6(D) to a criminal proceeding covered by Crim.R. 45(D).
 {¶ 17} Civ.R. 6(D) should not be used to usurp the clear authority of Crim.R. 45(D) that directly addresses the issue in this case. It is generally held that where the Criminal Rules address an issue, the Ohio Civil Rules do not apply in criminal cases. State v. Szerlip, Knox App. No. 02CA45, 2003-Ohio-6954.
 {¶ 18} Nevertheless, I agree with the majority that Crim.R. 52(A) is applicable to this case and the judgment of the trial court should be affirmed. While Crim.R. 45(D) was not strictly adhered to, there was no material prejudice to the state of Ohio. The state was present at the hearing and was aware of all the factors in the record on which the trial court based its decision. Although the state may not have agreed with the decision, I see little to be gained from returning this case to the trial court for further proceedings where the same result, with proper notification under Crim.R. 45(D), will likely result.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.