DECISION.
{¶ 1} Defendant-appellant Matthew Lehrfeld appeals from the judgment of the common pleas court overruling his Civ.R. 60(B) motion for relief from judgment. Upon our determination that Civ.R. 60(B) did not afford Lehrfeld an avenue for relief, we affirm the judgment of the court below.
 I {¶ 2} In June of 1999, Lehrfeld was found guilty in a bench trial of burglary. The trial court sentenced him to three years' community control. Lehrfeld appealed. In August of 1999, while his appeal was pending, Lehrfeld violated his community control. On September 28, 1999, the trial court found him guilty of violating his community control and sentenced him to six years in prison. Lehrfeld again appealed, and we consolidated his appeal from the community-control violation with his appeal from the June 1999 burglary conviction. On appeal, Lehrfeld challenged his trial counsel's effectiveness and the weight and sufficiency of the evidence to support his conviction. Finding no merit to any aspect of the challenges presented on appeal, we affirmed the judgments of conviction. See State v. Lehrfeld (June 28, 2000), 1st Dist. Nos. C-990754 and C-990501.
 {¶ 3} In October of 2002, Lehrfeld filed with the common pleas court the first of three motions seeking relief under Civ.R. 60(B) from the September 1999 judgment of conviction, on the ground that the trial court, when it had sentenced him to community control for burglary in June of 1999, had failed to advise him of the specific prison term that would be imposed as a sanction for violating his community control. From the entry denying the third of these motions, Lehrfeld has appealed.
 II {¶ 4} On appeal, Lehrfeld advances two assignments of error. The assignments of error, when reduced to their essence, challenge the denial of his Civ.R. 60(B) motion. This challenge is untenable.
 A. {¶ 5} The state contends that the court below properly overruled Lehrfeld's Civ.R. 60(B) motion, because Civ.R. 60(B) does not apply to criminal proceedings, and because, to the extent that the motion may be cognizable as a postconviction petition, the claim was barred under the doctrine of res judicata.
 {¶ 6} We reject at the outset the state's suggestion that Lehrfeld's Civ.R. 60(B) motion may be reviewed as an R.C. 2953.21
petition for postconviction relief. Only "an irregular `no-name' motion," i.e., a motion that "fails to delineate specifically" the statute or rule under which relief is sought, may be "classif[ied]" or "categorized by a court in order for the court to know the criteria by which the motion should be judged."Statev. Bush, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, at ¶ 10. In the proceedings below, Lehrfeld unambiguously invoked Civ.R. 60(B) in seeking relief from the prison sentence imposed for his community-control violation. Therefore, Lehrfeld's motion may not be recast as, or reviewed under the standards applicable to, a postconviction petition. Contra State v. Szerlip, 5th Dist. No. 02CA45, 2003-Ohio-6954; State v. Palmer, 2nd Dist. No. 18778, 2001-Ohio-1393.
 {¶ 7} We also reject the proposition that Civ.R. 60(B) cannot afford a criminal defendant relief from a judgment of conviction. Crim.R. 57(B) provides that "[i]f no procedure is specifically prescribed by rule, [a] court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, andshall look to the rules of civil procedure and to the applicablelaw if no rule of criminal procedure exists." (Emphasis added.) Thus, the criminal rules contemplate resort to the civil rules for procedures not anticipated by the criminal rules. See Statev. Plassman, 6th Dist. No. F-03-017, 2004-Ohio-279; State v.Scruggs, 10th Dist. No. 02AP-621, 2003-Ohio-2019; State v.Riggs (Oct. 4, 1993), 4th Dist. Nos. 503 and 506. Contra Statev. Bluford, 8th Dist. No. 83112, 2003-Ohio-6181; State v.Szerlip, supra; State v. Palmer, supra.
 B. {¶ 8} In the proceedings below, Lehrfeld sought relief under Civ.R. 60(B) from the six-year prison term imposed in September of 1999 for his violation of the conditions of his community control. He argued in support of his motion that the trial court could not have imposed a prison term for his community-control violation, because the court, when it had sentenced him to community control in June of 1999, had failed, in contravention of R.C. 2929.19(B)(5), to advise him of the specific prison term that it would impose if he violated the conditions of his community control.
 {¶ 9} R.C. 2929.19(B)(5) requires a trial court, when sentencing a defendant to community control, to notify the defendant of "the specific prison term that may be imposed as a sanction for [a] violation" of a condition of his community control. In State v. Mynhier (Sept. 28, 2001), 1st Dist. No. C-000849, we relied, in part, upon our decision in State v.Craig (1998), 130 Ohio App.3d 639, 720 N.E.2d 966, to hold that the sentencing court had satisfied R.C. 2929.19(B)(5), when the court, in sentencing Mynhier to community control, had explained to the defendant the maximum sentence of imprisonment that could be imposed for a violation of a condition of his community control. The rule of substantial compliance set down in Mynhier
was overturned a year later in State v. Giles, 1st Dist. No. C-010582, 2002-Ohio-3297. In Giles, we demanded "literal compliance with R.C. 2929.19(B)(5) * * * as a precondition to imposing a prison sentence for a violation of [a] community-control sanction."[1] Thus, we held that R.C.2929.19(B)(5) precluded the trial court from sentencing Giles to prison for violating her community control, because the court had failed, when imposing the community-control sanction, to indicate the "specific prison term" that it would impose if she violated a condition of her community control.
 {¶ 10} The court below, in sentencing Lehrfeld to community control, offered nothing in the way of an explanation of the consequences to Lehrfeld of his violation of the conditions of his community control. Not only did the court not "literal[ly]" comply with R.C. 2929.19(B)(5), as Giles now requires, it did not even substantially comply with the statute, as contemplated by our earlier decisions in Craig and Mynhier.
 {¶ 11} The statutory violation upon which Lehrfeld based his Civ.R. 60(B) motion was thus manifest on the record. Therefore, Lehrfeld could have raised the matter in his consolidated appeals from his June 1999 burglary conviction and his September 1999 community-control violation. Consequently, Crim.R. 57(B) did not operate to permit Lehrfeld to seek relief from the September 1999 sentence under Civ.R. 60(B).
 III {¶ 12} We, therefore, hold that the common pleas court properly overruled Lehrfeld's Civ.R. 60(B) motion. Accordingly, we overrule the assignments of error and affirm the judgment of the court below.
Judgment affirmed.
Winkler, P.J., Doan and Gorman, JJ., concur.
[1] A conflict on this issue among the appellate districts has been certified to the Ohio Supreme Court. See State v. Brooks,100 Ohio St.3d 1407, 796 N.E.2d 535, 2003-Ohio-4948.