JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Donald L. Richard ("defendant") appeals, pro se, from the trial court's order granting the State's motion to dismiss defendant's most recent post-conviction relief petition.[1] For the reasons that follow, we affirm.
 {¶ 2} This appeal is governed by R.C. 2953.23, which pertains to second, successive petitions or untimely petitions for post-conviction relief. The scope of review under R.C. 2953.23 is very limited. Specifically, in order for a court to entertain a delayed post-conviction relief petition under R.C. 2953.23, the petitioner must specify new evidence, demonstrate they were "unavoidably prevented" from discovering this new evidence, and show this new evidence demonstrates petitioner would not have been found guilty. If these criteria are not met, the trial court may not even "entertain" a delayed petition. See State v.Peeples, Cuyahoga App. No. 81711, 2003-Ohio-183.
 {¶ 3} Here, defendant presented no new evidence to the trial court. All of the alleged "fabrications" listed in defendant's petition were known to the defendant at or prior to trial and cannot be considered "new evidence." Indeed, defendant has raised these alleged "fabrications" in the numerous previous filings before this Court.[2] Accordingly, the trial court properly dismissed defendant's post-conviction relief petition.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Gallagher, J., concur.
[1] Defendant's petition was captioned "Motion to Vacate Judgment of Conviction and Sentence Pursuant to the Court's Inherent Power, or, in the Alternative, Motion for Relief From Judgment, or Order, Pursuant to Civ.R. 60(B)(5) for `After Discovered Fraud Upon the Court' in these Post-Conviction Proceedings." However, a 60(B) motion for relief from a criminal conviction is treated as a petition for post-conviction relief. See State v. Szerlip, 2003-Ohio-6954.
[2] Since defendant has filed numerous motions, it is difficult to ascertain the specific number of petitions filed pursuant solely to R.C.2953.21. See State v. Hill (1998), 129 Ohio App.3d 658.