JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant Charles M. Lackey appeals the judgment of the Hamilton County Court of Common Pleas overruling his Civ.R. 60(B) motion for relief from judgment. We affirm the judgment of the common pleas court.
In September of 2002, the common pleas court convicted Lackey upon guilty pleas to five counts of nonsupport of dependents and sentenced him to community control. He took no appeal. In September of 2003, the court convicted him of violating his community control and sentenced him to three years in prison. Again, he did not appeal. Instead, on June 30, 2004, he filed a Civ.R. 60(B) motion to set aside his convictions. The court overruled the motion, and Lackey appealed.
Lackey presents on appeal seven assignments of error. In assignments of error one through three, he challenges various aspects of his convictions for nonsupport. In his sixth assignment of error, he asserts that the common pleas court erred when it sentenced him to prison upon finding him guilty of violating his community control. And in his seventh assignment of error, he contends that the common pleas court erred when, in August of 2004, after he had perfected this appeal from the denial of his Civ.R. 60(B) motion, the court overruled his motion to withdraw his guilty pleas to the nonsupport charges.
Lackey's notice of appeal conferred upon this court jurisdiction to review only the judgment from which he appealed, viz., the common pleas court's July 2004 judgment denying his Civ.R. 60(B) motion.[1] We, therefore, have no jurisdiction to address the challenges presented in this appeal to his 2002 nonsupport convictions, to his 2003 community-control-violation conviction, or to the August 2004 judgment overruling his motion to vacate his pleas. Accordingly, we do not reach the merits of Lackey's first, second, third, sixth, or seventh assignment of error.
In his fourth and fifth assignments of error, Lackey assails the denial of his Civ.R. 60(B) motion. This challenge is feckless.
We note that Lackey unambiguously invoked Civ.R. 60(B) in seeking relief from his criminal convictions. Thus, the common pleas court was not, as the state suggests, free to recast and review his Civ.R. 60(B) motion as an R.C. 2953.21 petition for postconviction relief.[2]
We further note that Crim.R. 57(B) contemplates resort to the civil rules, but only for procedures not provided by the criminal rules.[3]
Lackey sought by his Civ.R. 60(B) motion relief from his convictions on the ground of "mistake, inadvertence, surprise, or excusable neglect" and on the ground of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under [Civ.R.] 59(B)." Crim.R. 33(A) permits a criminal defendant to move for a new trial on the ground of "[a]ccident or surprise which ordinary prudence could not have guarded against" or on the ground of "new evidence material to the defense * * * which the defendant could not with reasonable diligence have discovered and produced at the trial."[4]
Thus, Lackey could have asserted his grounds for relief in a Crim.R. 33 motion for a new trial. Consequently, Crim.R. 57(B) did not operate to permit Lackey to seek relief from his convictions under Civ.R. 60(B).
We, therefore, hold that the common pleas court properly overruled Lackey's Civ.R. 60(B) motion. Accordingly, we overrule his fourth and fifth assignments of error and affirm the judgment of the court below.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Hendon, JJ.
[1] See App.R. 3 and 4(A).
[2] See State v. Lehrfeld, 1st Dist. No. C-030390, 2004-Ohio-2277, at ¶ 6, citing State v. Bush, 96 Ohio St.3d 235, 2002-Ohio-3993,773 N.E.2d 522, at ¶ 10, for the proposition that only "an irregular `no-name' motion," i.e., a motion that "fails to delineate specifically" the statute or rule under which relief is sought, may be "classif[ied]" or "categorized by a court in order for the court to know the criteria by which the motion should be judged."
[3] See State v. Lehrfeld, supra, at ¶ 7. Crim.R. 57(B) provides that "[i]f no procedure is specifically prescribed by rule, [a] court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists."
[4] Crim.R. 33(A)(3) and 33(A)(6).