OPINION
{¶ 1} Appellant, State of Ohio, appeals the decision of the Trumbull County Court of Common Pleas to grant appellee, Daniel Clevenger's, motion to suspend payment of costs. For the following reasons, we reverse the decision of the trial court and remand for the issuance of a new judgment.
 {¶ 2} On August 25, 1999, Clevenger pled guilty to an amended indictment charging him with one count of breaking and entering, a felony of the fifth degree in violation of R.C. 2911.13(A) and (B). On October 13, 1999, Clevenger was sentenced to five years of community control sanctions. Among the specific conditions imposed by the court, Clevenger was ordered to pay court costs. Clevenger subsequently violated the terms of his community control. On August 2, 2000, Clevenger was sentenced to six months in prison and ordered "to pay the cost of prosecution."
 {¶ 3} On September 22, 2004, Clevenger filed a Motion to Suspend Payments of Costs. In this motion, Clevenger acknowledged that he has not paid court costs assessed in the amount of $351.26. Clevenger explained that he was seeking social security benefits for a mental disability but was ineligible for cash benefits because of the unpaid court costs. Clevenger attached an affidavit of indigency and alleged that his only current source of income was food stamps. The state opposed Clevenger's motion, relying on State ex rel. Biros v. Logan, 11th Dist No. 2003-T-0016, 2003-Ohio-5425, for the proposition that it is within the trial court's discretion to impose costs on an indigent defendant and that the decision to impose costs may only be contested on direct appeal from the sentencing judgment. Id. at ¶ 8-9.
 {¶ 4} On October 25, 2004, the trial court granted Clevenger's motion, "based upon the indigency affidavit and the other circumstances presented in the Defendant's Motion to Suspend Costs." The state timely sought and was granted leave to appeal this decision pursuant to App.R. 5(C). The state raised the following assignment of error:
 {¶ 5} "The trial court erred in granting an order to suspend payment of court costs."
 {¶ 6} "In all criminal cases * * * the judge * * * shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs." R.C.2947.23(A)(1); State v. White, 103 Ohio St.3d 580,2004-Ohio-5989, at ¶ 8, ("R.C. 2947.23 does not prohibit a court from assessing costs against an indigent defendant; rather itrequires a court to assess costs against all convicted defendants."). (Emphasis sic.). "The courts of common pleas do not have inherent power to suspend execution of a sentence in a criminal case and may order such suspension only as authorized by statute." State v. Smith (1989), 42 Ohio St.3d 60, paragraph one of the syllabus; cf. White at ¶ 8, fn.1, ("R.C. 2949.092
outlines those circumstances in which a court may waive costs for indigents.).
 {¶ 7} It is well-established that a trial court's jurisdiction to modify a criminal judgment of sentence terminates upon execution of that sentence. State v. Frazier, 11th Dist Nos. 2001-L-052 and 2002-L-003, 2002-Ohio-7132, at ¶ 5, ("once a sentence is executed, `a trial court no longer has the power to modify the sentence except as provided by the General Assembly'.") (citation omitted); State v. Clark, 8th Dist No. 82519, 2003-Ohio-3969, at ¶ 20, ("once the trial court has ordered into execution a valid sentence, it may no longer either amend or modify that sentence except under very limited circumstances."). (Citations omitted).
 {¶ 8} However, there is nothing in the record before this court to show that any part of Clevenger's sentence remains pending, save the judgment to pay costs. Pursuant to R.C.2947.23, this is certainly part of his sentence for the felony he committed; just as certainly, it is not, itself, a criminal judgment. Rather, "[t]he duty to pay court costs is a civil obligation arising from an implied contract." Strattman v.Studt (1969), 20 Ohio St.2d 95, paragraph six of the syllabus. This is true of judgments for court costs arising from criminal, as well as civil, cases. Id., at 103. Such judgments "may be collected only by the methods provided for the collection of civil judgments." Id.
 {¶ 9} We further note that the collection of this civil judgment from an indigent debtor is permissive with the clerk of courts. White at ¶ 14-15. That being so, we see no conceptual or legal difficulty with the civil creditor — i.e., the court of common pleas — issuing a directive regarding how the clerk, its agent for collection of the debt, should carry out this permissive matter. That is all Clevenger requested of the trial court: that the payment of this civil debt be suspended. He did not request that the debt be abolished or modified. Therefore, he did not seek an improper suspension or modification of his criminal sentence, which the trial court was powerless to grant. Rather, he merely requested that the trial court specify the manner in which the clerk should carry out the permissive duty of collecting the subject civil debt.
 {¶ 10} We believe this conclusion comports with our prior decision in State v. McDowell, 11th Dist. No. 2001-P-0149,2003-Ohio-5352, at ¶ 57, wherein we concluded that the clerk could collect court costs assessed against an indigent defendant at such time as the defendant's financial status improved. We also believe it complies with the decision of the Supreme Court in White at ¶ 15, fn. 3 ("[m]any decisions have stated that acourt may look at a defendant's current financial status to collect on a past order for costs.") (Emphasis added). This indicates that the courts retain jurisdiction to review when to collect on past orders for costs. So long as the implied contract to pay the civil judgment for court costs continues to exist, mere decisions regarding ways and means of payment do not attack the criminal sentence giving rise to that judgment.
 {¶ 11} In its judgment entry granting Clevenger's Motion to Suspend Payment of Costs, the trial court ordered that the costs be suspended — not the payment of costs. This was incorrect, as it might be construed as affecting Clevenger's criminal sentence. The trial court should have granted the relief requested — suspension of payment of costs.
 {¶ 12} This court notes that the relief sought by Clevenger would, more appropriately, have been sought though the filing of a properly drafted Civ.R. 60(B)(4) motion, pursuant to Crim.R. 57(B), or, perhaps, by filing a complaint under Civ.R. 3(A) to set aside the judgment. Cf. State v. Good, 10th Dist Nos. 03AP549 and 03AP550, 2004-Ohio-1736, at ¶ 5, 6.
 {¶ 13} Should the civil judgment for court costs against Clevenger ever become dormant, it could be revived pursuant to R.C. 2325.15. Proceedings to revive a judgment are not new actions, but merely motions in the original action. State v.Jones (Oct. 16, 2000), 12th Dist Case No. CA2000-02-015, 2000 Ohio App. LEXIS 4802, at 8. These civil judgments are, therefore, commonly and appropriately revived under the original criminal case numbers. Cf., State v. Graewe (Aug. 3, 2000), 8th Dist No. 77545, 2000 Ohio App. LEXIS 3511. "What's good for the goose is good for the gander." Crim.R. 57(B) directs the courts to look to the civil rules if no criminal rule is applicable; Civ.R. 60(B) motions are commonly entertained in criminal proceedings, pursuant to Crim.R. 57(B). See, e.g., State v. Lehrfeld, 1st Dist No. C-030390, 2004-Ohio-2277, at ¶ 5-7; State v. Garcia
(Aug. 24, 1995), 10th Dist. No. 94APA11-1646, 1995 Ohio App. LEXIS 3511, at 3-4. Civ.R. 60(B)(4) provides that a court may relieve a party of a final judgment if "* * * it is no longer equitable that the judgment should have prospective application * * *."
 {¶ 14} To the extent that the appealed judgment ordered the suspension of costs, the state's sole assignment of error has merit. In other respects, the assignment of error is without merit. Accordingly, it is the order of this Court that the judgment of the trial court is reversed, and the case is hereby remanded so that the trial court can vacate that judgment and issue a new judgment indicating that the payment of costs is suspended.
O'Neill, J., concurs in judgment only,
Grendell, J., dissents with a Dissenting Opinion.