JOURNAL ENTRY AND OPINION
{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the records from the Cuyahoga County Court of Common Pleas and the briefs filed by the parties.
 PROCEDURAL BACKGROUND {¶ 2} In the Spring of 1998, the Cuyahoga County Grand Jury indicted defendant-appellant, Roland Bluford, on three counts of rape, in violation of R.C. 2907.02. The indictment further specified that the victim was eleven years of age and that force was used in the commission of each offense. Appellant pled not guilty and the case proceeded to trial.
 {¶ 3} The day before trial was to commence, the State filed a motion to amend the indictment and bill of particulars to reflect that the alleged incidents occurred between March 1991 and February 1992, rather than August 2, 1992 through August 2, 1993, as originally specified. Defense counsel stated that he had no objection to the amendment and the trial court granted the State's motion.[1]
 {¶ 4} At trial, the alleged victim testified that appellant, who was her mother's boyfriend, moved in with her family in 1990, when she was nine years old. The victim testified that on several occasions while her mother was working, appellant rubbed his hand over her vagina or digitally penetrated her and on another occasion, tried to penetrate her with his penis. Appellant testified that he lived with the victim's mother from August 1990 to November 1991 and denied that he ever touched the victim inappropriately.
 {¶ 5} The jury found appellant guilty of all three counts and the trial court sentenced appellant to three consecutive terms of life imprisonment.
 {¶ 6} Appellant filed a motion for a new trial, arguing that the trial court erred in excluding evidence at trial that the victim's mother had forced her to have an abortion one month before she made the allegations against appellant. The trial court denied the motion without opinion.
 {¶ 7} This court subsequently affirmed appellant's conviction on appeal, State v. Bluford (Dec. 9, 1999), Cuyahoga App. No. 75228, and the Supreme Court of Ohio denied leave to appeal.State v. Bluford (Apr. 19, 2000), case No. 00-124. This court later denied appellant's application for reopening pursuant to App.R. 26(B).
 {¶ 8} In April 2000, appellant apparently filed a petition for post-conviction relief. Although the petition is not in the record and the docket does not reflect that it was filed, the State filed a motion to dismiss appellant's petition on April 27, 2000. As explained in the State's motion to dismiss, appellant argued in his petition that he was denied effective assistance of counsel because his counsel failed to obtain the police report regarding the alleged rapes that was filed by the victim and her mother in September 1997. This police report, apparently newly discovered by appellant, indicated that the victim and her mother reported to the police that the rapes occurred "approximately 4-5 years prior to the date of this report, when [the victim's] age was 11-12," not five to six years earlier as charged in the amended indictment.
 {¶ 9} On May 19, 2000, the trial court dismissed appellant's petition. Contrary to the requirements of R.C. 2953.21(C), however, the trial court did not issue findings of fact or conclusions of law. In October 2000, appellant filed a motion for findings of fact and conclusions of law and four months later, the State filed proposed findings of fact and conclusions of law. The record reflects that as of this date, however, the trial court has not filed any findings of fact or conclusions of law regarding its dismissal of appellant's petition for post-conviction relief.[2]
 {¶ 10} Although the trial court never filed findings of fact or conclusions of law,[3] in March 2001, appellant filed an appeal of the trial court's dismissal of his petition for post-conviction relief. In a journal entry dated October 9, 2001, this court dismissed appellant's appeal, ruling that because the petition did not appear on the docket and apparently was not filed with the clerk of courts, it was not part of the record on appeal and, therefore, could not be considered by the court.
 {¶ 11} In September 2002, appellant filed a motion for a new trial and a motion for an order finding that he was unavoidably prevented from discovering new evidence pursuant to Crim.R. 33(A)(2) and (6). In his motion, appellant argued that the prosecutor had withheld possibly exculpatory evidence from defense counsel because the prosecutor did not disclose the police report filed on September 24, 1997 by the victim and her mother, in which they reported that the incidents occurred four to five years prior to the date of the report, when the victim was 11 or 12 years of age. Appellant attached an affidavit from his trial counsel to the motions, in which trial counsel averred that the police report was never provided to him. On October 7, 2002, the trial court denied both motions.
 {¶ 12} Appellant subsequently filed a motion to modify the journal entry of October 7, 2002, pursuant to Crim.R. 36 and Civ.R. 60(B)(5). In his motion, appellant argued that the clerk of courts did not notify him of the trial court's order denying his motions until December 5, 2002, when, in response to a letter from appellant, the clerk provided him with a non-certified copy of the trial court's order. Appellant argued that this failure to timely notify him violated his constitutional right to procedural due process because it eliminated his right to file a timely appeal of the trial court's decision. Accordingly, appellant requested that the trial court amend the date of its journal entry to December 7, 2002, the date he received notification of the trial court's order denying his motions.
 {¶ 13} On June 10, 2003, the trial court denied appellant's motion. Appellant timely appealed from this order and has raised one assignment of error for our review.
 ASSIGNMENT OF ERROR {¶ 14} Appellant contends that the trial court erred in denying his motion to modify the journal entry dated October 7, 2002.
 {¶ 15} Appellant spends much time in his brief arguing that the trial court erred because he met the requirements of Civ.R. 60(B)(5) regarding relief from judgment. This case is a criminal matter, however, and, therefore, the civil rules are not applicable. Thus, any argument regarding the requirements of Civ.R 60(B) and whether appellant has satisfied those requirements is irrelevant. Moreover, Civ.R. 60(B) pertains to motions for relief from judgment. Appellant appealed from the trial court's order denying his motion to modify its journal entry of October 7, 2002, not from an order denying a motion for relief from judgment.
 {¶ 16} Crim.R. 36, regarding clerical mistakes, provides that "clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time."
 {¶ 17} We find no clerical error that needs to be corrected. Crim.R. 55, regarding records in criminal cases, provides that:
 {¶ 18} "At the time the action is commenced the clerk shall enter in the appearance docket the names, except as provided in Rule 6(E), of the parties in full, the names of counsel and index the action by the name of each defendant. Thereafter the clerk shall chronologically note in the appearance docket all: process issued and returns, pleas and motions, papers filed in the action, orders, verdicts, and judgments. The notations shall be brief but shall show the date of filing and the substance of each order, verdict and judgment."
 {¶ 19} Here, the record reflects that, as required by Crim.R. 55, the clerk properly noted in the record that on October 7, 2002, the trial court issued an order denying appellant's motion for a new trial. Accordingly, there is no clerical error and the trial court did not err in denying appellant's motion to correct the judgment entry of October 7, 2002.
 {¶ 20} The crux of appellant's argument is that the time for appeal had already elapsed when he received notice of the trial court's order denying his motion for a new trial. Appellant's remedy is not modification of the date of that order, however; it is to file a motion for leave to file a delayed appeal pursuant to App.R. 5(A).
 {¶ 21} Appellant's assignment of error is overruled.
Michael J. Corrigan, P.J. and Anthony O. Calabrese, Jr., J. Concur.
[1] Although the trial judge orally granted the motion, there is no Journal Entry on the docket reflecting the trial court's ruling.
[2] The State's assertion in its brief on appeal that the trial court issued findings of facts and conclusions of law on February 15, 2001 is incorrect. The record reflects that the State'sproposed findings were filed on February 14, 2001; there is no subsequent trial court entry regarding findings of fact and conclusions of law.
[3] Where a court files a judgment entry denying a petition for post-conviction relief but does not include findings of fact and conclusions of law, the time for appeal does not begin to run until such findings are filed. State v. Mapson (1982),1 Ohio St.3d 217. See, also, Walker v. Doup (1988), 36 Ohio St.3d 229.