DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant, Tonya B. Friley, appeals from the decision of the Jackson County Municipal Court denying her motion to withdraw her guilty plea and vacate her conviction. Appellant contends the trial court erred in denying the motion due to ineffective assistance of counsel and denial of due process. However, both arguments are barred by the doctrine of res judicata. Even were they not so barred, both arguments fail on their own merits because the evidence does not rise to the level of manifest injustice required under Crim.R. 32.1. Accordingly, we overrule *Page 2 
both of Appellant's assignments of error and affirm the judgment of the trial court.
 I. Facts {¶ 2} Appellant was involved in a physical altercation with her husband, Shannon, on March 9, 2006. After the altercation, Shannon went to the Jackson Police Department and provided a statement regarding the incident. As a result of a complaint, signed by Shannon, Appellant was charged with domestic violence under a Jackson City Ordinance. On March 15, Shannon requested that the court change the no contact bond requirement and agreed to complete victim of domestic violence counseling. On approximately March 27, Appellant requested and was provided court-appointed counsel.
 {¶ 3} During pretrial, the City gave Appellant the option of entering a domestic abuse diversion program. The terms of the diversion program required her to participate in all treatment programs designated by the Probation Department. Another term required her to sign a guilty plea or give a written statement regarding her involvement in the events that led to the domestic abuse charge. Appellant signed the diversion stipulations agreement and a guilty plea on May 16. Once she was in the program, the probation department recommended an in-house drug treatment facility. *Page 3 
 {¶ 4} Appellant contends that she was unaware she could be required to attend an in-house treatment facility as part of the diversion program. She further claims she was unclear about her rights and duties and had difficulty contacting her court-appointed counsel. As a result, in July, she consulted with her present counsel, Kyle Gilliland. Attorney Gilliland obtained copies of the court papers she had signed, including Appellant's guilty plea. She claims not to have known, until Attorney Gilliland brought it to her attention, that she had pled guilty.
 {¶ 5} On August 18, 2006, the probation department filed notice with the trial court that, due to non-compliance, Appellant had been discharged from the diversion program on August 4. The matter was immediately set for trial on September 5.
 {¶ 6} Prior to the commencement of trial, the City and Appellant reached an agreement. On September 5, 2006, the Jackson County Municipal Court issued a judgment entry sentencing Appellant to 180 days, suspended, and placing her on probation for two years. This judgment entry, signed by Appellant and her court-appointed counsel, stated she was entering a guilty plea to the charge of domestic violence. As a term of her probation, she agreed to enter a designated in-house treatment program within fourteen days. On November 21, 2006, the Municipal Court *Page 4 
Probation Department filed a motion alleging Appellant had failed to report and, thereby, violated the terms of her probation.
 {¶ 7} On November 27, Attorney Gilliland began appearing for Appellant as counsel and filed a petition for post-conviction relief and a motion to stay imposition of sentence. The court denied the petition on the grounds that it lacked jurisdiction over post-conviction relief and, because the motion to stay her sentence was based on the petition, the motion was declared moot. On November 29, Appellant filed an amended petition for post-conviction relief which was also denied.
 {¶ 8} On December 4, Appellant filed a new motion to withdraw her guilty plea, to vacate her conviction and for related relief. On December 11, the trial court denied the motion and request for related relief.
 {¶ 9} On December 19, 2006, after a revocation hearing, the trial court determined that Appellant had violated the terms of her probation and imposed her original sentence. Also on December 19, Appellant filed an affidavit of her husband, Shannon, wherein he changed his account of the incident that led to the domestic abuse charge against her.
 {¶ 10} On January 10, 2007, Appellant filed the current appeal challenging the trial court's decision and entry of December 11, 2006. *Page 5 
 II. Assignments of Error {¶ 11} 1. THE TRIAL JUDGE ACTED CONTRARY TO LAW, AND TO THE EXTENT APPLICABLE, ABUSED HER DISCRETION, IN FAILING TO SET ASIDE THE JUDGMENT OF CONVICTION AND PERMIT THE DEFENDANT TO WITHDRAW HER GUILTY PLEA, PURSUANT TO CRIMINAL RULE 32.1 OR CIVIL RULE 60(B)(1), (3) AND (5), IN THAT DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
 {¶ 12} 2. THE TRIAL JUDGE ACTED CONTRARY TO LAW, AND TO THE EXTENT APPLICABLE, ABUSED HER DISCRETION, IN FAILING TO SET ASIDE THE JUDGMENT OF CONVICTION AND PERMIT THE DEFENDANT TO WITHDRAW HER GUILTY PLEA, PURSUANT TO CRIMINAL RULE 32.1 OR CIVIL RULE 60(B)(1), (3) AND (5), IN THAT DEFENDANT WAS DENIED HER DUE PROCESS RIGHT TO COMPLETE THE DIVERSION PROGRAM ON WHICH THE PARTIES HAD AGREED.
 III. Argument {¶ 13} Though Appellant's first assignment of error alleges ineffective assistance of counsel and her second assignment of error alleges denial of due process, both are predicated upon the same argument, that the trial court erred in denying her motion to withdraw her guilty plea and set aside her conviction.
 {¶ 14} Initially, we address whether Civil Rule 60(B) is applicable to Appellant's motion. In both assignments of error, she states that her motion to set aside her conviction and withdraw her guilty plea was based on Criminal Rule 32.1 or, in the alternative, on Civil Rule 60(B). Though a *Page 6 
civil rule, Appellant contends Rule 60(B) is applicable to the current matter through Criminal Rule 57(B) which states "If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable lawif no rule of criminal procedure exists" CrimR 57(B). (Emphasis added.) Criminal Rule 32.1 states "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 15} Appellant correctly states this court has previously held that a Civil Rule 60(B) motion may be entertained, in certain circumstances, in criminal cases. See State v. Riggs (Oct. 4, 1993), 4th Dist. Nos. 503, 506; State ex rel. Petro v. Marshall, 4th Dist. No. 05CA3004,2006-Ohio-5357. However, in such circumstances, there must be no available procedure specifically provided by the criminal rules.Riggs at *7. See, also, Miller v. Walton, 163 Ohio App.3d 703,840 NE.2d 222, 2005-Ohio-4855, at ¶ 17; State v. Scruggs, 10th Dist. No. 02AP-621, 2003-Ohio-2019, at ¶ 18.
 {¶ 16} In the case sub judice, Appellant's assignments of error are based on the argument that the trial court erred in not allowing her to *Page 7 
withdraw her guilty plea. Crim.R. 32.1 specifically addresses such motions and that rule was available to Appellant. As such, because the motion was available to her under the criminal rules, a similar motion under the civil rules was not. Accordingly, because Crim.R. 32.1 contains the specific, proper procedure to withdraw a guilty plea, to the extent that Appellant relies upon Civ.R. 60(B) to withdraw her plea, that reliance is misplaced.
 {¶ 17} Next we address the doctrine of res judicata as it applies to the case at bar. "Under the doctrine of res judicata, a final judgment bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at trial or on appeal." State v. Brown,167 Ohio App.3d 239, 2006-Ohio-3266, 854 N.E.2d 583, at ¶ 7. See, also, State v.Szefcyk (1996), 77 Ohio St.3d 93, 96, 671 N.E.2d 233. "More specifically, a criminal defendant cannot raise any issue in a postsentence motion to withdraw a guilty plea that was or could have been raised at trial or on direct appeal." Brown at ¶ 7. "The doctrine of res judicata applies to issues raised in a motion to withdraw a guilty plea in the same way that the doctrine applies to issues raised in a petition for post-conviction relief." Id., quoting, State v.White (May 26, 2004), 7th Dist. No. 03 MA 168. "This doctrine has been *Page 8 
extended to Crim.R. 32.1 motions." State v. Zinn, 4th Dist. No. 04CA1,2005-Ohio-525, at ¶ 17. See, also, State v. Young, Adams App. No. 03CA782, 2004-Ohio-2711; State v. Vincent, Ross App. No. 0CA2713, 2003-Ohio-3998.
 {¶ 18} "The courts have allowed an exception to res judicata when a petitioner presents new, competent, relevant and material evidence dehors the record. However, evidence presented outside the record must meet some threshold standard of cogency; otherwise it would be too easy to defeat the holding of Perry by simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim beyond mere hypothesis and a desire for further discovery. Equally important, the evidence dehors the record must not be evidence which was in existence and available for use at the time of trial and which could and should have been submitted at trial if the defendant wished to use it." State v. Robinson, 8th Dist. No. 85266,2005-Ohio-4154, at ¶ 12, quoting State v. Kenney, 8th Dist. Nos. 81752 and 81879, 2003-Ohio-2046.
 {¶ 19} In the case sub judice, Appellant did not directly appeal her conviction. She plead guilty on September 5, 2006, yet did not raise any claims of ineffective assistance of counsel until November 27, 2006. Appellant repeatedly states she was unable to file a direct appeal because *Page 9 
there was no record to base it upon. Because the evidence she relies upon in her motion of December 4, 2006 was in existence and available for use at the time of her conviction, we disagree.
 {¶ 20} Appellant's first assignment of error alleges her court-appointed counsel was ineffective. She makes a number of allegations supporting this claim, including: he did not discuss the advantages and disadvantages of a jury trial; he did not make proper use of available evidence; he failed to adequately investigate the parameters of the diversion program and; in permitting Appellant to plead guilty on May 16, 2006 and September 5, 2006, he did allow her to make a knowing, intelligent waiver of her rights. Appellant's allegation of ineffective assistance of counsel should have been raised on direct appeal. Each of the alleged failings of her counsel was known to her at the time of her conviction. To the extent any of the evidence was outside the record, it was in existence, known to Appellant and was available for use had she chosen to file a direct appeal.
 {¶ 21} Because a criminal defendant cannot raise issues in a post-sentence motion to withdraw a guilty plea that could have been raised on direct appeal, Appellant's Rule 32.1 motion to withdraw her guilty plea based on a claim of ineffective assistance of counsel is barred by the doctrine of res judicata. However, assuming arguendo that Appellant's *Page 10 
claims were not barred by res judicata, her Rule 32.1 motion based on ineffective assistance of counsel still lacks merit.
 {¶ 22} A post-conviction motion under Rule 32.1 will only be granted in order to correct "manifest injustice." CrimR. 32.1. "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice."State v. Smith (1977), 49 Ohio St.2d 261, 3 O.O.3d 402, 361 N.E.2d 1324, paragraph one of the syllabus. `"Manifest injustice' is an extremely high standard, which permits a defendant to withdraw his guilty plea only in extraordinary cases." State v. Smith, 4th Dist. No. 05CA7,2006-Ohio-1482, at ¶ 23. The decision to grant or deny a Crim.R. 32.1 motion is committed to the sound discretion of the trial court and appellate courts review a motion to withdraw a guilty plea under the abuse of discretion standard. State v. Xie (1992), 62 Ohio St.3d 521,526, 584 N.E.2d 715. An abuse of discretion implies more than a mere error of judgment or law, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." State v.Ruby, 9th Dist. No. 23219, 2007-Ohio-244, at ¶ 9, quoting Pons v. OhioState Med. Bd. (1993), 66 Ohio St.3d 619, 621, 614 NE.2d 748.
 {¶ 23} In her first assignment of error, Appellant's Rule 32.1 motion is predicated upon her claim of ineffective assistance of counsel. In order to *Page 11 
establish ineffective assistance of counsel, an appellant must show that counsel's representation was deficient as well as prejudicial. In reSturm, 4th Dist. No. 05CA35, 2006-Ohio-7101, at ¶ 77. Deficient representation means counsel's performance was below an objective standard of reasonableness. Id. To show prejudice, an appellant must show it is reasonably probable that, except for the errors of his counsel, the proceeding's outcome would have been different. Id.
 {¶ 24} We have stated "[a] reviewing court when addressing an ineffective assistance of counsel claim, should not consider what, in hindsight, may have been a more appropriate course of action." State v.Wright, 4th Dist. No. 00CA39, 2001-Ohio-2473, at *22. Instead, reviewing courts must be highly deferential. Id. Further, "a reviewing court: `must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Id., citing Strickland v. Washington (1984), 466 U.S. 668, 689,104 S.Ct. 2052.
 {¶ 25} In the case at bar, Appellant alleges a number of instances in which her court-appointed counsel was ineffective. One of her chief arguments in this respect is that her court-appointed attorney caused her to *Page 12 
plead guilty, both on May 16, 2006 and on September 5, 2006. She states she was unaware that she was signing a guilty plea on May 16 and, had she known, she would not have done so. Further, she claims her guilty plea on September 5 was made by "pure mistake." However, the May 16 document was clearly entitled Entry of Guilty Plea. Additionally, the September 5 judgment entry, also signed by Appellant, clearly states in its first line that the defendant pleads guilty to the charge of domestic violence.
 {¶ 26} The record shows that after being charged with domestic violence, Appellant's counsel arranged for her to enter a diversion program in lieu of proceeding to trial. Had Appellant completed the diversion program, the criminal charges against her would have been dismissed. However, she violated the terms of the program and the matter was again set for trial. Prior to trial, Appellant's counsel negotiated a plea bargain wherein she had to serve no jail time if she successfully completed an in-house drug program, paid a fine and completed probation. Again, Appellant did not comply with the stipulated terms and, as a result, violated her probation.
 {¶ 27} Under such circumstances, we are unable to find the trial court abused it's discretion in finding that Appellant suffered no "manifest injustice." We must indulge a strong presumption that Appellant's counsel *Page 13 
acted within the wide range of reasonable professional assistance. In arranging for her to enter a diversion program instead of facing trial and, subsequently, arraigning for her to attend an in-house drug program instead of facing jail-time, Appellant's counsel did so. As such, her counsel's representation was not deficient.
 {¶ 28} Finally, Appellant contends the trial court erred in failing to set aside her conviction and withdraw her guilty plea in that she was denied her due process right to complete the diversion program. For reasons already stated, her due process argument is barred by res judicata. Again, Appellant contends she was unable to directly appeal this claim because the evidence was outside the record. Specifically, she alleges that because the diversion documents fail to articulate all the conditions of the program, the conditions were impossible to satisfy. However, the record does contain the relevant diversion documents, including the Prosecutor's Diversion Program Stipulation and Agreement and the Diversion Entry. As previously stated, to the extent evidence is outside the record, it must not be evidence which was in existence and available for use at the time of trial. Robinson at ¶ 12. Appellant raises no new evidence in this regard. The stipulations of the diversion program, or the alleged lack of specific conditions, were known to *Page 14 
her at the time of her conviction and should have been raised on direct appeal.
 {¶ 29} Even if Appellant's due process argument was not barred by res judicata, it would still fail or it's own merits. The Prosecutor's Diversion Program Stipulation and Agreement, signed by Appellant, states in relevant part: "By signing this agreement, the Defendant understands that Diversion is a voluntary program and [she] has a responsibility to abide by these conditions and rules of conduct. [She] understands that if [she] violates any of the following terms, [her] diversion will be revoked. The Defendant understands that [she] will not be entitled to a revocation hearing and there is no appeal process for Diversion Revocation." The following terms of the program included: "The Defendant shall attend and participate in all mandatory treatment programs designed by the Probation Department."
 {¶ 30} Once Appellant entered the diversion program, the probation department directed her to FACTS/New Alternatives where it was determined, due to her drug addiction, that she needed to enter an in-house treatment program. Appellant states she was unaware she could be required to attend such a program and, thus, chose not to attend. FACTS/New Alternatives informed the probation department that she had been discharged from the program for non-compliance, the probation department informed *Page 15 
the trial court of this development on August 18, 2006 and, three days later, the court set a new trial date on the matter.
 {¶ 31} Appellant argues due process was denied her because, once she was entered into the program, she had an entitlement to complete the program and also had the right to a hearing before diversion was terminated. As to the right to complete the program, Appellant clearly did have a chance to complete it, but forfeited that chance when she choose not to abide by the terms of the diversion agreement. She voluntarily signed an agreement which stated she "shall attend and participate in all mandatory treatment programs * * *." (Emphasis added.) The agreement also clearly stated that failure to abide by the terms of the agreement would result in termination of diversion.
 {¶ 32} As to the right to a hearing, Appellant cites State v.Sneed (January 8, 1986), 2nd Dist. No. CA 8837. However, the court in that case stated that a court hearing is not necessary every time a diversion program is terminated. "At the very least a person dropped or terminated from the program must bring the issue to the attention of the court in a timely manner. In the absence of conditions in the statute for termination, the accused * * * must raise such issue before trial * * *. If he fails to do so, such issues are waived." Sneed at *3. In the case at bar, Appellant admits she did not *Page 16 
equest such a hearing and, as such, she waived this right. Accordingly, even had Appellant's due process argument under CrimR. 32.1 not been barred by res judicata, it would have failed on it's own merits.
 IV. Conclusion {¶ 33} Both of Appellant's assignments of error are barred by the doctrine of res judicata. Even if that doctrine did not apply, both arguments would still have failed. The evidence asserted in Appellant's ineffective assistance of counsel and denial of due process claims did not rise to the level of "manifest injustice" required under CrimR. 32.1. Accordingly, we affirm the decision of the trial court and overrule both of Appellant's assignments of error.
 JUDGMENT AFFIRMED *Page 17 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Harsha, J. and Abele, J.: Concur in Judgment Only. *Page 1