DECISION.
{¶ 1} Defendant-appellant Daryl Black appeals the Hamilton County Municipal Court's judgment overruling his "Post Conviction Motion For Ineffective Assistance of Counsel." We affirm the court's judgment.
 {¶ 2} In October of 2006, following a bench trial, the municipal court found Black guilty of assault and sentenced him to 180 days in the Hamilton County Justice Center. Black unsuccessfully appealed his conviction to this court[1] and to the Ohio Supreme Court.[2] And he collaterally challenged his conviction by filing, in June of 2007, a "Post Conviction Motion For Ineffective Assistance of Counsel." The municipal court overruled the motion, and this appeal followed.
 {¶ 3} On appeal, Black advances two assignments of error that, when reduced to their essence, challenge the court's judgment overruling his motion. This challenge is untenable.
 I. Standard of Review {¶ 4} We note, as a preliminary matter, that Black did not designate in his motion the statute or rule under which he sought relief. The Ohio Supreme Court has declared that a court confronted with "an irregular `no-name' motion," that is, a motion that does not designate a statute or rule under which relief may be granted, may "recast" the motion "in whatever category necessary to identify and establish the criteria by which the motion should be judged."[3] *Page 3 
 A. Habeas Corpus Petition? {¶ 5} The court below could not have recast and reviewed Black's "no-name" motion as a petition for a writ of habeas corpus. R.C. 2725.01
et seq. permit a person who has been "unlawfully restrained of his liberty" to apply for a writ of habeas corpus "to inquire into the cause of such imprisonment, restraint, or deprivation."[4] But the habeas corpus statutes provide a remedy only when the petitioner is presently in "the actual physical custody of the state. "[5] The record discloses that Black was not in the actual physical custody of the state when he filed his motion. Because the habeas corpus statutes afforded Black no remedy, recasting his motion as a habeas corpus petition would not have "identified] and established] the criteria by which the motion should be judged."[6]
 B. Postconviction Petition? {¶ 6} Nor could the court have recast Black's motion as an R.C. 2953.21 petition for postconviction relief. The postconviction statutes permit "[a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * [, to] file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. "[7]
 {¶ 7} Black's "no-name" "Post Conviction Motion For Ineffective Assistance of Counsel," filed after his assault conviction, collaterally challenged and sought *Page 4 
reversal of that conviction upon a claimed constitutional deprivation. But the postconviction statutes expressly require a postconviction petitioner to file his petition with the court that sentenced him.[8]
And the Ohio Supreme Court has read the postconviction statutes to evince the General Assembly's intent to confer jurisdiction to entertain a postconviction petition only upon a common pleas court.[9]
 {¶ 8} Black was sentenced by the municipal court. Therefore, the postconviction statutes did not afford him a means for securing relief from his conviction.[10] It follows that the municipal court, by recasting Black's motion as a postconviction petition, would not have "identif[ied] and establish [ed] the criteria by which the motion should be judged."[11] Accordingly, the court was not free to recast the motion as a postconviction petition and review it under the standards provided by R.C. 2953.21 et seq.[12]
 C. Civ. R. 60(B), Through Crim. R. 57(B) {¶ 9} A postconviction proceeding under R.C. 2953.21 et seq. complements the proceedings on direct appeal, permitting a collateral challenge to a judgment of conviction that proceeds contemporaneously with the direct appeal, but that, unlike a challenge on direct appeal, depends for its resolution upon matters outside the record.[13] Had Black been convicted of misdemeanor assault in common pleas court, he could have sought relief by two means: in a direct appeal under the Rules of Appellate Procedure, based upon errors demonstrated by the trial record; and in a postconviction petition under Crim. R. 35 and R.C. 2953.21 et seq., based upon errors *Page 5 
demonstrated by matters outside the record. But because he was convicted of misdemeanor assault in municipal court, he was limited in challenging his conviction to the procedures prescribed by the appellate rules and to the matters disclosed by the trial record.
 {¶ 10} Crim. R. 57(B) provides that "[i]f no procedure is specifically prescribed by rule, [a] court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists." The criminal rules thus contemplate resort to the civil rules for procedures not provided by the criminal rules.[14]
 {¶ 11} Civ. R. 60(B)(5) permits a court to grant relief from a judgment for "any * * * reason justifying relief," upon a motion filed within "a reasonable time" and supported by evidence, whether of record or outside the record, demonstrating the movant's entitlement to relief.[15] We hold that because the criminal rules provided no procedure for Black to challenge his conviction with evidence outside the record, the municipal court should have looked to Civ. R. 60(B) "to know the criteria by which [Black's] motion should [have been] judged."[16]
 II. The Trial Court Properly Overruled the Motion {¶ 12} The court below did not, as it should have, recast and review Black's "no-name" motion as a Civ. R. 60(B) motion. Nor did the court address the motion *Page 6 
on its merits. It instead overruled the motion because Black's "case [was] under appeal."
 {¶ 13} A trial court lacks jurisdiction to decide a Civ. R. 60(B) motion for relief from judgment while the direct appeal from that judgment is pending.[17] Black filed, and the municipal court overruled, his motion while his direct appeal was pending before this court. Because the municipal court had no jurisdiction to grant Black the relief he sought, we hold that the court properly overruled his motion.
 {¶ 14} Accordingly, we overrule the assignments of error and affirm the court's judgment.
Judgment affirmed.
SUNDERMANN, P. J., HENDON and CUNNINGHAM, JJ.
[1] See State v. Black, 1st Dist. No. C-060861, 2007-Ohio-5871.
[2] State v. Black, 117 Ohio St.3d 1426, 2008-Ohio-969,882 N.E.2d 446.
[3] State v. Schlee, 117 Ohio St.3d 153, 2008-Ohio-545,882 N.E.2d 431, ¶ 12, citing State v. Bush, 96 Ohio St.3d 235, 2002-Ohio-3993,773 N.E.2d 522, ¶ 10, and State v. Reynolds (1999), 79 Ohio St.3d 158,679 N.E.2d 1131.
[4] R.C. 2725.01.
[5] Harrod v. Harris (May 11, 2001), 1st Dist. No. C-000791, citingTomkalski v. Maxwell (1963), 175 Ohio St. 377, 378, 194 N.E.2d 845, and quoted in Miller v. Walton, 163 Ohio App.3d 703, 2005-Ohio-4855,840 N.E.2d 222, ¶ 14.
[6] See Schlee, 117 Ohio St.3d 153, 882 N.E.2d 431, at ¶ 12.
[7] R.C. 2953.21(A)(1)(a).
[8] R.C. 2953.21(A)(1)(a).
[9] See State v. Cowan, 101 Ohio St.3d 372, 2004-Ohio-1583,805 N.E.2d 1085.
[10] See Miller, 163 Ohio App.3d 703, 840 N.E.2d 222, at ¶ 8-10.
[11] See Schlee, 117 Ohio St.3d 153, 882 N.E.2d 431, at ¶ 12.
[12] Cf. Schlee, 117 Ohio St.3d 153, 882 N.E.2d 431, at ¶ 12-14.
[13] State v. Fuller, 171 Ohio App.3d 260, 2007-Ohio-2018,870 N.E.2d 255, ¶ 23.
[14] See Schlee, 117 Ohio St.3d 153, 882 N.E.2d 431, at ¶ 10 (holding that "the plain language of Crim. R. 57[B] permits a trial court in a criminal case to look to the Rules of Civil Procedure for guidance when no applicable Rule of Criminal Procedure exists.").
[15] See GTE Automatic Elec. v. ARC Industries (1976),47 Ohio St.2d 146, 150, 351 N.E.2d 113.
[16] Bush, 96 Ohio St.3d 235, 773 N.E.2d 522, ¶ 10. Cf.Schlee, 117 Ohio St.3d 153, 882 N.E.2d 431, ¶ 13 (holding that a postconviction motion may not be presented or recast as a Civ. R. 60[B] motion when "the Civ. R. 60[B] motion * * * does not exist `independently' from a petition for postconviction relief pursuant to Crim. R. 35 and R.C. 2953.21").
[17] Howard v. Catholic Social Servs., 70 Ohio St. 3d 141, 147,1994-Ohio-219, 637 N.E.2d 890; State ex rel. East Mfg. Corp. v. OhioCiv. Rights Comm. (1992), 63 Ohio St.3d 179, 181, 586 N.E.2d 105. *Page 1