DECISION
{¶ 1} William Totten filed this original action, seeking a writ to compel the director of the Ohio Department of Rehabilitation and Correction and the Ohio Adult Parole Authority ("APA") to refrain from enforcing post-release control supervision on Totten. *Page 2 
 {¶ 2} In accord with Loc. R. 12, the case was referred to a magistrate to conduct appropriate proceedings. The magistrate prepared and filed a magistrate's decision (attached as Appendix A) which contains detailed findings of fact and conclusions of law. The magistrate's decision includes a recommendation that we deny the requested relief.
 {¶ 3} No party has filed objections to the magistrate's decision. Upon review, no error of law or fact is present on the face of the magistrate's decision. We, therefore, adopt the findings of fact and conclusions of law in the magistrate's decision and grant respondents' motion to dismiss. Petitioner's request for a writ is hereby denied.
Respondents' motion to dismiss is granted; writ denied.
PETREE and T. BRYANT, JJ., concur.
BRYANT, J., retired of the Third Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution. *Page 3 
 APPENDIX A MAGISTRATE'S DECISION IN HABEAS CORPUS AND PROHIBITION ON MOTION TO DISMISS {¶ 4} Petitioner, William Totten, has filed this original action requesting that this court issue either a writ of habeas corpus or prohibition ordering respondents Terry Collins, Director of the Ohio Department of Rehabilitation and Correction, and the Ohio Adult Parole Authority ("APA"), to refrain from enforcing post-release control supervision. *Page 4 
Findings of Fact: {¶ 5} 1. Petitioner was previously incarcerated at the London Correctional Center following his conviction in the Franklin County Court of Common Pleas on two counts of possession of cocaine. The trial court imposed sentences of seven years for each count and ordered that they be served concurrently. The trial court entry notified petitioner that he may be subject to applicable periods of post-release control pursuant to R.C. 2929.19(B)(3)(c), (d) and (e).
 {¶ 6} 2. On March 29, 2008, petitioner was released from custody and placed on post-release control.
 {¶ 7} 3. On March 31, 2008, petitioner filed the instant habeas corpus petition alleging that his post-release control is void because the sentencing judge failed to orally notify him that post-release control was part of his sentence. Petitioner argues that the APA is without legal authority to place him under post-release control supervision.
 {¶ 8} 4. On April 24, 2008, respondents filed a motion to dismiss on grounds that habeas corpus relief is not warranted because petitioner is not in actual physical custody. Respondents' motion does not address whether prohibition relief is appropriate.
 {¶ 9} 5. Petitioner has not filed a response.
 {¶ 10} 6. The motion to dismiss is currently before the magistrate.Conclusions of Law:
 {¶ 11} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545. In reviewing the complaint, *Page 5 
the court must take all the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party. Id.
 {¶ 12} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that petitioner can prove no set of facts entitling him to recovery. O'Brien v. University Community TenantsUnion (1975), 42 Ohio St.2d 242. As such, a complaint for writ of mandamus is not subject to dismissal under Civ. R. 12(B)(6) if the complaint alleges the existence of a legal duty by the respondent and the lack of an adequate remedy at law for petitioner with sufficient particularity to put the respondent on notice of the substance of the claim being asserted against it, and it appears that petitioner might prove some set of facts entitling him to relief. State ex rel. Boggs v.Springfield Local School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 94. For the following reasons, respondents' motion should be granted and petitioner's habeas corpus complaint should be dismissed. Further, the magistrate finds that prohibition relief is inappropriate and sua sponte dismisses that portion of petitioner's complaint as well.
 {¶ 13} A writ of habeas corpus is an extraordinary remedy and is appropriate only when the petitioner is entitled to immediate release from confinement. State ex rel. Jackson v. McFaul (1995),73 Ohio St.3d 185. The purpose of a habeas corpus proceeding is for the court to conduct an inquiry into whether the petitioner is being unlawfully restrained of his liberty at the present time. Ball v. Maxwell,Warden (1965), 1 Ohio St.2d 77.
 {¶ 14} In the present case, petitioner argues that the APA does not have legal authority to place him on post-release control supervision because the trial court failed to *Page 6 
orally inform him that he would be subject to post-release control supervision upon his release from imprisonment. Petitioner asserts that a writ of habeas corpus should be granted ordering respondents to release him from post-release control.
 {¶ 15} Respondents have filed a motion to dismiss on grounds that habeas corpus is not appropriate where a petitioner is on post-release control supervision because they are not in custody for habeas corpus purposes. For the reasons that follow, it is this magistrate's decision that this court should grant the motion to dismiss.
 {¶ 16} In Harrod v. Harris (May 11, 2001), Hamilton App. No. C-000791, the petitioner filed a petition for a writ of habeas corpus following his release from prison, but while he was still on post-release control. The court held that habeas corpus would not lie under circumstances in which the petitioner was released from the actual physical custody of the state. In Ross v. Kinkela, Cuyahoga App. No. 79411, 2001-Ohio-4256, the petitioner filed a petition for a writ of habeas corpus while he was on post-release control. The petitioner argued that the act of being subjected to post-release control unlawfully restrained his freedom. The court found that post-release control does not sufficiently restrain a person's liberty to give rise to habeas corpus release since the petitioner was not physically confined under anyone's custody. See, also, Miller v. Walton, 163 Ohio App.3d 703, 2005-Ohio-4855.
 {¶ 17} A writ of prohibition is an extraordinary judicial writ, the purpose of which is to restrain inferior courts and tribunals from exceeding their jurisdiction. State ex rel. Tubbs Jones v. Suster
(1998), 84 Ohio St.3d 70. A writ of prohibition is customarily granted with caution and restraint, and is issued only in cases of necessity arising from the inadequacy of other remedies. Id. In order to be entitled to a writ of prohibition, *Page 7 
petitioner must establish that: (1) respondent is about to exercise judicial or quasi-judicial powers; (2) the exercise of the power is unauthorized by law; and (3) the denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists.State ex rel. Henry v. McMonagle (2000), 87 Ohio St.3d 543.
 {¶ 18} In State ex rel. McGrath v. Ohio Adult Parole Auth.,100 Ohio St.3d 72, 2003-Ohio-5062, McGrath requested writs of mandamus and prohibition prohibiting the APA from enforcing a period of post-release control. McGrath alleged that imposition of post-release control was unauthorized because it was not part of his sentence. The court held that neither mandamus nor prohibition were proper:
 {¶ 19} McGrath's mandamus claim is meritless because his true objectives are a declaratory judgment (to declare the APA's actions illegal) and a prohibitory injunction (to prevent the APA and its parole officers from continuing their postrelease control of him). "When the allegations of a mandamus complaint establish that the true objectives are a declaratory judgment and a prohibitory injunction, the complaint does not state a cause of action and must be dismissed for want of jurisdiction." State ex rel. Denton v. Bedinghaus, 98 Ohio St.3d 298,2003-Ohio-861, * * * at ¶ 23.
 {¶ 20} McGrath's prohibition claim is also meritless. As the court of appeals correctly determined, neither the APA nor its parole officers exercised judicial or quasi-judicial authority in imposing postrelease control on McGrath. See State ex rel. Potts v. Comm. On Continuing LegalEdn. (2001), 93 Ohio St.3d 452, 455 * * * ("`Quasi-judicial authority is the power to hear and determine controversies between the public and individuals that require a hearing resembling a judicial trial'"). (Emphasis added in Potts.) Id. at ¶ 6-7. *Page 8 
 {¶ 21} Based on the foregoing, and applying the rationale from the above-cited cases, it is this magistrate's conclusion that neither a writ of habeas corpus nor a writ of prohibition are appropriate in this circumstance and the magistrate would grant respondents' motion and dismiss this action. *Page 1