[Cite as *Ballard v. Miller*, 2013-Ohio-2504.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

DONALD BALLARD              )       CASE NO. 13 BE 6
                               )
      PETITIONER        )
                               )
VS.                       )       OPINION AND
                               )       JUDGMENT ENTRY
MICHELLE MILLER, WARDEN    )
                               )
      RESPONDENT     )

CHARACTER OF PROCEEDINGS:       Petition for Writ of Habeas Corpus

JUDGMENT:                        Dismissed.

APPEARANCES:

For Petitioner:                  Donald Ballard, Pro se
                                   #A631-391
                                   Belmont Correctional Institution
                                   P.O. Box 540
                                   St. Clairsville, Ohio  43950

For Respondent:                Atty. Mike DeWine
                                     Attorney General of Ohio
                                     Criminal Justice Section
                                     150 East Gay Street, 16th Floor
                                     Columbus, Ohio  43215

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

                                   Dated:  June 12, 2013

PER CURIAM.

{¶1} Petitioner Donald Ballard, a former inmate at the Belmont Correctional Institution, has filed a petition for writ of habeas corpus. Petitioner alleges that he was incarcerated pursuant to felony criminal convictions in two separate cases out of the Cuyahoga County Court of Common Pleas. The convictions were for drug possession and robbery. Petitioner had originally been placed on community control sanctions in both cases. He violated his community control, and one year prison terms were imposed in each case in two judgment entries dated August 20, 2012. The prison terms were ordered to run concurrently. On December 20, 2012, he filed motions for jail time credit in both cases. He was granted 91 days jail time credit in Case No. CR-11-549574 and 68 days in Case No. CR-12-559925. Petitioner alleges that he should have been granted 159 days of jail time credit in both cases because the prison terms were ordered to run concurrently. He cites the case of *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, in support. The petition indicates that Petitioner was released from confinement on May 23, 2013.

{¶2} R.C. 2725.01 provides: "Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation." The writ of habeas corpus is an extraordinary writ and will only be issued in certain circumstances of unlawful restraint of a person's liberty where there is no adequate legal remedy at law, such as a direct appeal or post-conviction relief. *In re Pianowski*, 7th Dist. No. 03MA16, 2003-Ohio-3881, ¶3; *see also, State ex rel. Pirman v. Money*, 69 Ohio St.3d 591,

593, 635 N.E.2d 26 (1994). "Absent a patent and unambiguous lack of jurisdiction, a party challenging a court's jurisdiction has an adequate remedy at law by appeal." *Smith v. Bradshaw*, 109 Ohio St.3d 50, 2006-Ohio-1829, 845 N.E.2d 516, ¶10.

{¶3} The burden is on the petitioner to establish a right to release. *Halleck v. Koloski*, 4 Ohio St.2d 76, 77, 212 N.E.2d 601 (1965); *Yarbrough v. Maxwell*, 174 Ohio St. 287, 288, 189 N.E.2d 136 (1963).

{¶4} Although it may be possible that Petitioner is correct that he was owed extra jail time credit, the facts alleged in his petition do not allow us to grant the relief he requests. Habeas corpus relief is only available when the petitioner is entitled to immediate release from confinement. *State ex rel. Jackson v. McFaul*, 73 Ohio St.3d 185, 188, 652 N.E.2d 746 (1995); R.C. 2725.17. Since Petitioner's filings indicate that he was released from prison on May 23, 2013, he has failed to allege that he is being illegally confined as of the date of this judgment entry. The fact that Petitioner may be subject to three years of post-release control, according to documents he filed with his petition, does not alter our decision. Post-release control does not sufficiently restrain a person's liberty to give rise to habeas corpus relief. *In re Complaint for Writ of Habeas Corpus/Alternative Writ of Prohibition*, 10th Dist. No. 08AP-257, 2008-Ohio-4185, ¶16; *Miller v. Walton*, 163 Ohio App.3d 703, 2005-Ohio-4855, 840 N.E.2d 222, ¶14; *Harrod v. Harris*, 1st Dist. No. C-000791 (May 11, 2001). Therefore, we cannot grant the relief that Petitioner seeks.

{¶5} A court may *sua sponte* dismiss a petition for an extraordinary writ for failure to state a claim upon which relief can be granted if the claim is frivolous or if

the claimant obviously cannot prevail on the facts alleged in the petition. *State ex rel. Kreps v. Christiansen*, 88 Ohio St.3d 313, 316, 725 N.E.2d 663 (2000); *State ex rel. Bruggeman v. Ingraham*, 87 Ohio St.3d 230, 231, 718 N.E.2d 1285 (1999).

**{¶6}** For the aforementioned reasons, we *sua sponte* dismiss the petition for writ of habeas corpus. Costs taxed against Petitioner.

**{¶7}** Final order. Clerk to serve notice on the parties as provided by the Ohio Rules of Civil Procedure.

Waite, J., concurs.

Donofrio, J., concurs.

DeGenaro, P.J., concurs.