[Cite as *State v. Denihan*, 2016-Ohio-7443.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-A-0003** |
| ERICK DENIHAN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula Municipal Court, Case No. 2015 CRB 01211.

Judgment: Affirmed.

*Michael Franklin*, Ashtabula City Solicitor, and *Lori B. Lamer*, Assistant Ashtabula City Solicitor, Ashtabula Municipal Court, 110 West 44th Street, Ashtabula, OH 44004 (For Plaintiff-Appellee).

*Gregory T. Stralka*, 6509 Brecksville Road, P.O. Box 31776, Cleveland, OH 44131 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant, Erick Denihan, appeals the judgment of the Ashtabula Municipal Court finding him guilty of domestic violence in violation of R.C. 2919.25(A). At issue is whether appellant's trial counsel was ineffective. For the reasons that follow, the judgment of the trial court is affirmed.

{¶2} This case stems from an altercation that occurred on August 3, 2015, between appellant and his wife, Heather Denihan.

**{¶3}** On August 4, 2015, appellant was charged with one count of domestic violence in violation of R.C. 2919.25(A). Appellant pleaded not guilty to the charge.

**{¶4}** A trial to the court was held on December 17, 2015. Appellee, the state of Ohio, called Ms. Denihan and Ashtabula County Sheriff's Deputy Nicholas Pinney as witnesses. Appellant also testified at trial.

**{¶5}** Appellant was found guilty of the charge of domestic violence. He was sentenced to 60 days in jail with credit for one day served and 59 days suspended on condition that appellant enroll in an anger-management course within 120 days, that he have no contact with the victim until the course was completed, and that he have no similar offense for two years. Appellant was also ordered to pay a fine of $250.00.

**{¶6}** On January 13, 2016, appellant noticed this appeal.

**{¶7}** Appellant raises a single assignment of error for our review:

**{¶8}** "The Appellant's constitutional right to effective assistance of counsel was violated when such counsel failed to present relevant, substantial evidence at the trial."

**{¶9}** Appellant argues in his sole assignment of error that his trial counsel was ineffective for failing to subpoena photographic evidence of the injuries sustained during the August 3, 2015 altercation.

**{¶10}** In order to prevail on an ineffective assistance of counsel claim, an appellant must demonstrate that trial counsel's performance fell "below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus (adopting the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984)). "[T]here is no reason for a court deciding an ineffective assistance claim to approach

2

the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 143.

**{¶11}** There is a general presumption that trial counsel's conduct is within the broad range of professional assistance. *Id.* at 142. Debatable trial tactics generally do not constitute deficient performance. *State v. Phillips*, 74 Ohio St.3d 72, 85 (1995). In order to show prejudice, the appellant must demonstrate a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Bradley*, *supra*, at paragraph three of the syllabus.

**{¶12}** On appeal, appellant maintains that photographs taken after the August 3, 2015 altercation "would have established that the Appellant, not the victim, had more severe injuries as a result of the incident. The bite marks, that broke appellant's skin and were bleeding, could have substantiated appellant's argument that he was the victim of domestic violence." Appellant asserts that trial counsel was ineffective because those photographs were never presented and there is no indication they were subpoenaed for trial.

**{¶13}** "When affidavits or other proof outside the record are necessary to support an ineffective assistance claim * * * it is not appropriate for consideration on direct appeal." *State v. Zupancic*, 9th Dist. Wayne No. 12CA0065, 2013-Ohio-3072, ¶4, citing *State v. Madrigal*, 87 Ohio St.3d 378, 390-391 (2000). Appellant's argument "would require this Court to act in a way that is 'purely speculative' and would require resort to evidence outside the record on appeal." *Id.* at ¶5.

**{¶14}** Appellant supports his claim of ineffective assistance of counsel with reference to the photographs of the injuries resulting from the August 3, 2015 altercation

between appellant and Ms. Denihan. Those photographs were not made part of the trial record and are not part of the record on appeal. Therefore, this court cannot consider appellant's claim of ineffective assistance of counsel.

{¶15} Generally, R.C. 2953.21 provides that an issue concerning evidence outside the appellate record can be raised in a petition for postconviction relief. R.C. 2953.21(A)(1)(a) states, in pertinent part:

> Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

{¶16} The Supreme Court of Ohio held in *State v. Cowan*, 101 Ohio St.3d 372, 2004-Ohio-1583, however, that "a municipal court is without jurisdiction to review a petition for post-conviction relief filed pursuant to R.C. 2953.21." *Id.* at ¶20.

{¶17} Therefore, individuals seeking to raise the issue of ineffective assistance of counsel using evidence outside the record with regard to a misdemeanor conviction are left without a remedy.

{¶18} To create a remedy in this situation, other districts have relied on Crim.R. 57(B) and Civ.R. 60(B)(5). *See Miller v. Walton*, 163 Ohio App.3d 703, 2005-Ohio-4855, ¶16-18 (1st Dist.); *State v. McComb*, 2d Dist. Montgomery No. 26481, 2015-Ohio-2556, ¶21-24. Crim.R. 57(B) provides that "[i]f no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of

4

criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists."

{¶19} "The criminal rules thus contemplate resort to the civil rules for procedures not anticipated by the criminal rules. And Civ.R. 60(B)(5) permits relief from a judgment for 'any * * * reason justifying [such] relief.' It follows that Crim.R. 57(B) may afford a criminal defendant relief from a judgment of conviction." *Miller*, *supra*, at ¶17, citing *State v. Harrison*, 11th Dist. Portage No. 2004-P-0068, 2005-Ohio-4212, ¶10-12 (citation omitted); *see also McComb*, *supra*, at ¶23. Pursuant to Civ.R. 60(B), municipal courts may entertain motions to vacate their own judgments in criminal cases. An individual convicted in municipal court and seeking relief on the ground of ineffective assistance of counsel with evidence outside the record may therefore pursue relief from the misdemeanor conviction through a Civ.R. 60(B) motion to vacate.

{¶20} Although we acknowledge an alternative avenue for relief, we find appellant's sole assignment of error to be without merit. This is based upon our determination that his claim for ineffective assistance of counsel is not appropriate for consideration on direct appeal from the municipal court when proof outside the record is necessary to support such claim.

{¶21} The judgment of the Asthabula Municipal Court is affirmed.


CYNTHIA WESTCOTT RICE, P.J., concurs,

DIANE V. GRENDELL, J., concurs in judgment only.

5