[Cite as *State v. Moore*, 2019-Ohio-1597.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2018-A-0050** |
| - vs - | : | |
| CHIBUZO TOBY MOORE a.k.a. CHIBUZO MOORE, | : | |
| | : | |
| Defendant-Appellant. | | |

Criminal Appeal from the Ashtabula County Court of Common Pleas.
Case No. 2017 CR 00482.

Judgment: Affirmed.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*John Michael Buchenic*, The Law Office of John Buchenic Esq. Ltd., 320 North Main Street, Hubbard, OH 44425 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant Chibuzo Toby Moore ("Moore") appeals a judgment in the Ashtabula County Court of Common Pleas sentencing him to a mandatory term of seven years in prison for one count of Possession of Cocaine, a first-degree felony, for which he entered a voluntary plea of guilty on March 26, 2018, and was sentenced the same day. We affirm the trial court's judgment.

{¶2} The facts, as set forth in the transcript of the change of plea and sentencing hearing, are straightforward and not disputed. Moore was travelling in Ashtabula County on September 21, 2017, when the vehicle he was in was stopped by the State Highway Patrol. The officers conducted a pat-down search and discovered a significant amount of cocaine in his pocket. On October 17, 2017, Moore was indicted on two counts: (1) Possession of Cocaine (F-1) and (2) Trafficking in Cocaine (F-1). Both counts were subject to heightened penalties for major drug offender specifications.

{¶3} On October 30, 2017, Moore entered a plea of not guilty at his arraignment on the indictment. On December 29, 2017, Moore filed a motion to suppress. He also filed a supplemental motion to suppress on January 12, 2018, through separate counsel. The motions were denied on February 20, 2018, and the matter was set for trial.

{¶4} Moore and his counsel subsequently negotiated a plea agreement. On March 27, 2018, Moore appeared with counsel and entered a plea of guilty to amended Count 2 of the indictment charging him with one count of Possession of Cocaine, a first-degree felony, in violation of R.C. 2925.11(A)(C)(4)(f). The amendment reduced the amount of cocaine to an amount exceeding 27 grams, but less than 100 grams. Pursuant to the terms of the plea agreement, Moore agreed to waive his right to appeal the decision on the suppression motions and stipulated to serve a mandatory prison sentence of seven years. In exchange, the state dropped Count 1 of the indictment and the major drug offender specifications on both counts, and also recommended the seven-year sentence. After Moore, through counsel, waived a presentence investigation, the trial court engaged in a plea colloquy with Moore and accepted the oral and written plea of guilty. The court

2

then accepted the terms of the plea agreement and sentenced Moore to the stipulated term of seven years in prison.

{¶5} Moore filed a timely notice of appeal and raises the following assignment of error for our review:

{¶6} "The defendant's 4th [sic] and 16th [sic] amendment rights to effective representation by counsel were violated, and as such the sentence should be reversed, modified, or remanded."

{¶7} Under his sole assignment of error, Moore argues that his trial counsel was ineffective because (1) counsel waived the presentence investigation; and (2) counsel wrongfully advised Moore that he would be eligible for transitional control up to six months before the end of his sentence rather than the sentence being wholly mandatory, contrary to what the trial court advised during sentencing.

{¶8} As an initial point, Moore's assignment of error cites the Fourth and Sixteenth Amendments as the source of his rights to effective representation. The Sixth Amendment, applied to the state of Ohio through the Fourteenth Amendment, guarantees a criminal defendant the right to counsel. *See, e.g. Strickland v. Washington*, 466 U.S. 668, 688 (1984); the Sixth Amendment to the U.S. Constitution. Nevertheless, we proceed to the merits.

{¶9} In order to prevail on an ineffective assistance of counsel claim, an appellant must demonstrate that trial counsel's performance fell "below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus (adopting the test set forth in *Strickland*, *supra*). "[T]here is no reason for a court deciding an ineffective

3

assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 143.

{¶10} There is a general presumption that trial counsel's conduct is within the broad range of professional assistance. *Id.* at 142. Debatable trial tactics generally do not constitute deficient performance. *State v. Phillips*, 74 Ohio St.3d 72, 85 (1995). In order to show prejudice, the appellant must demonstrate a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Bradley*, *supra*, at paragraph three of the syllabus.

{¶11} On appeal, Moore first asserts that trial counsel was ineffective because a waiver of a presentence investigation prevented the trial court from considering mitigating factors which could have potentially favored a lesser sentence than the agreed-upon seven years. This contention belies the fact that Moore, in exchange for dismissal of a charge and major drug offender specifications, stipulated to the sentence he received.

{¶12} There is nothing in this record to support the contention that Moore's counsel was ineffective. Based on the record before us, Moore received exactly the sentence to which he agreed. Conjecture regarding what effect a presentence investigation would have had on sentencing is inappropriate in light of the agreed plea with a stipulated sentence.

{¶13} Next, Moore asserts that trial counsel was ineffective because Moore was wrongfully advised that he would be eligible for transitional control up to six months before the end of his sentence rather than being wholly mandatory. The record before us is silent as to whether or not this advisement was ever made.

4

**{¶14}** With regard to the advice given by trial counsel, "[w]hen affidavits or other proof outside the record are necessary to support an ineffective assistance claim * * * it is not appropriate for consideration on direct appeal." *State v. Zupancic*, 9th Dist. Wayne No. 12CA0065, 2013-Ohio-3072, ¶4, citing *State v. Madrigal*, 87 Ohio St.3d 378, 390-391 (2000); *State v. Denihan*, 11th Dist. Ashtabula No. 2016-A-0003, 2016-Ohio-7443, ¶13. Moore's assertion about what he was told, without supporting evidence, "would require this Court to act in a way that is 'purely speculative' and would require [us to] resort to evidence outside the record on appeal." *Id.* at ¶5.

**{¶15}** Contrary to Moore's contention in this regard, the record reflects he was fully advised by the trial court about the mandatory nature of his term multiple times. The plea agreement Moore signed before sentencing specifically stated that the prison term was mandatory. Further, the following colloquy was had before the plea was accepted and a sentence imposed:

> The Court: Do you understand that if I impose a prison term, that would be a term of certain and you would have to serve the prison term imposed?
>
> The Defendant: Yes, Your Honor.
>
> The Court: Do you understand that the Court is not bound to any agreed sentence between you and the State of Ohio?
>
> The Defendant: Yes, Your Honor.
>
> * * *
>
> The Court: So you're not eligible for community control and that's due to the mandatory time here in this case. However, if for any reason in the future you were ever placed on it, you could be subject to community control sanctions for up to five years where you would have conditions to follow and if you violate any of those conditions, you could be given a longer period under court control, greater

5

restrictions or a prison term of the maximum. Do you understand that?

The Defendant: Yes, Your Honor.

The Court: Do you understand the effect of your guilty plea and its consequences?

The Defendant: Yes, Your Honor.

The Court: Do you accept those consequences today?

The Defendant: Yes, Your Honor.

* * *

The Court: Have you been fully advised by your attorney about the plea negotiations in this case?

The Defendant: Yes, Your Honor.

The Court: Do you accept those negotiations as your own?

The Defendant: Yes, Your Honor.

{¶16} Any suggestion that Moore was unaware his prison sentence was mandatory, or any suggestion that the mandatory status of the last six months of his seven-year prison term would have a material effect on Moore's decision to plead guilty, is unsupported by the record. The trial court imposed precisely the sentence to which the state and Moore stipulated.

{¶17} Moore's sole assignment of error is without merit.

{¶18} The judgment of the Ashtabula County Court of Common Pleas is affirmed.

THOMAS R. WRIGHT, P.J.,

MARY JANE TRAPP, J.,

concur.

6