[Cite as *State v. Peters*, 2019-Ohio-4617.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                          Court of Appeals No. L-18-1201

       Appellee                     Trial Court No. CR0201502276

v.

Brandon Peters                   **DECISION AND JUDGMENT**

       Appellant                  Decided: November 8, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

Brandon Peters, pro se.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Brandon Peters, appeals the August 24, 2018 judgment of the

Lucas County Court of Common Pleas denying his motion for relief from judgment. For

the following reasons, we affirm.

{¶ 2} Appellant sets forth two assignments of error:

First Assignment of Error

Trial court erred and abused its discretion to the prejudice of the appellant when it denied appellant's Civil Rule 60(B)(5) motion for relief from judgment or order when motion demonstrated that appellant was entitle[d] to relief when (1) appellant had a meritorious defense or claim to present if relief was granted [motion for relief p. 10], (2) [appellant was] entitle[d] to relief under ground (5) [motion for relief p. 11] and (3) motion was filed in a reasonable time [motion for relief p. 11] denying appellant the equal protection and due process of laws as guaranteed in the Fourteenth Amendment to the U.S. Constitution and Article I, Section 16, the Ohio Constitution[.]

Second Assignment of Error

Trial court erred and abused its discretion to the prejudice of the appellant when it violated Civ. R. 5(B)(2)(c) when it directed and ordered the clerk of courts to provide service of its September 6, 2017 journal entry and decision to appellant at the wrong address [journal entry 9/6/17, docket 9/7/17] effect[i]vely denying appellant the right to due process of laws and the equal protection of laws as guaranteed in the Fourteenth Amendment to the U.S. Constitution and Article I, Section 16 to the Ohio Constitution[.]

## Background

{¶ 3} Appellant was indicted on one count of child endangering, a violation of R.C. 2919.22(B)(1), (E)(1), and (E)(2)(d), after fracturing his infant son's leg. At the time of the offense, appellant was on community control for attempted rape. Thereafter, appellant entered a plea of guilty to the charge pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). At the sentencing hearing, appellant admitted violating his community control and was sentenced to prison for seven years on the child endangering conviction and four years on the community control violation, to be served consecutively. The court filed its judgment on January 26, 2016; appellant timely appealed his sentence.

{¶ 4} On January 26, 2017, while appellant's appeal was pending, appellant filed a petition for postconviction relief in the trial court. The state filed a motion to dismiss or for summary judgment. On September 6, 2017, the trial court issued an opinion and judgment entry, denying appellant's petition and granting the state's motion.

{¶ 5} The trial court docket indicates the following. On September 7, 2017, the clerk mailed a copy of the court's judgment to appellant. On September 18, 2017, the clerk received a request from appellant for a copy of the court's docket; a copy of the docket was mailed that day. On October 4, 2017, appellant filed a "Motion for New Judgment Entry of Denial" of his petition arguing he never received the court's September 6, 2017 judgment. On October 10, 2017, the clerk noted "ordinary mail - no service[,] return on ordinary mail from P.O. Box[,] endorsed - no mail receptacle * * *

3.

Peters[,] Brandon." The state opposed appellant's motion for a new judgment entry, and appellant filed a response. On November 29, 2017, the trial court denied appellant's motion, finding "[t]he record is clear that the requirements of notice pursuant to Civ.R. 58(B) were satisfied."

{¶ 6} On March 9, 2018, we affirmed the trial court's January 26, 2016 judgment. *See State v. Peters*, 6th Dist. Lucas No. L-17-1011, 2018-Ohio-884.

{¶ 7} On March 14, 2018, appellant filed a motion for relief from judgment, pursuant to Civ.R. 60(B), with the trial court, in which he sought relief from the court's September 6, 2017 judgment. Appellant argued he did not receive the court's judgment because the court ordered the clerk to send the judgment to the wrong address. On August 6, 2018, the state responded to appellant's motion. On August 24, 2018, the trial court denied appellant's motion for relief from judgment. Appellant timely appealed.

### Assignments of Error

{¶ 8} We will address appellant's assignments of error together.

{¶ 9} Appellant asserts the trial court erred in denying his motion for relief from judgment, as he satisfied all of the requirements under Civ.R. 60(B)(5). Appellant further argues the trial court violated Civ.R. 5 and 58 when it ordered the clerk to send the September 6, 2017 judgment to the wrong address, and the clerk sent the judgment to the wrong address.

{¶ 10} The state counters in cases where the civil rules of service were followed, there is a rebuttable presumption of proper service. The state acknowledges, however,

4.

that the trial court docket, on October 10, 2017, indicates the clerk received a returned envelope addressed to appellant. The state contends case laws provides that if service is not perfected pursuant to Civ.R. 58(B), then the time to appeal has not yet begun to run. The state cites to several cases in support of its position, including *State v. McKinney*, 3d Dist. Defiance No. 4-11-01, 2011-Ohio-3521, *State v. Harris*, 8th Dist. Cuyahoga No. 94186, 2010-Ohio-3617 and *State v. Waver*, 8th Dist. Cuyahoga No. 107502, 2019-Ohio-1444.

**Law**

{¶ 11} A petition for postconviction relief is a collateral civil attack on a criminal conviction. *See State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994). Thus, the Ohio Rules of Civil Procedure apply.

{¶ 12} Civ.R. 58(B) provides:

> When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties * * * notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App.R. 4(A).

{¶ 13} Civ.R. 5(B) states in relevant part:

(2) Service in General. A document is served under this rule by:

* * *

(c) mailing it to the person's last known address by United States mail, in which event service is complete upon mailing; * * *.

{¶ 14} App.R. 4(A) provides in pertinent part:

(1) *Appeal From Order That Is Final Upon Its Entry*. Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry.

* * *

(3) *Delay of Clerk's Service in Civil Case*. In a civil case, if the clerk has not completed service of the order within the three-day period prescribed in Civ.R. 58(B), the 30-day periods referenced in App.R. 4(A)(1) and 4(A)(2) begin to run on the date when the clerk actually completes service.

{¶ 15} The tolling provision of App.R. 4(A) applies whenever a party has not been properly served under Civ.R. 58. *In re Anderson*, 92 Ohio St.3d 63, 67, 748 N.E.2d 67 (2001).

{¶ 16} Civ.R. 60(B) provides that a court may relieve a party from a final judgment on grounds of, inter alia, mistake, inadvertence, surprise, or excusable neglect.

6.

{¶ 17} In *Harris*, 8th Dist. Cuyahoga No. 94186, 2010-Ohio-3617, Mr. Harris filed a motion for relief from judgment in which he argued he failed to timely appeal from the trial court's judgment because the court failed to get him proper notice of the judgment; the motion was denied. *Id.* at ¶ 5-6. On appeal, Mr. Harris requested that the appellate court "order the trial court to vacate and reenter its order denying his petition for postconviction relief so that he can appeal now." *Id.* at ¶ 6. The appellate court ruled the 30-day time period under App.R. 4(A) had not expired, or even begun to run, because the trial court did not comply with Civ.R. 58(B), and therefore, Mr. Harris may timely appeal without the judgment being reentered. *Id.* at ¶ 8-10. The appellate court concluded Mr. Harris did not demonstrate the trial court's judgment was the result of any mistake, inadvertence, surprise or excusable neglect, and therefore, the court did not abuse its discretion by denying the motion for relief from judgment. *Id.* at ¶ 10. *See also Waver*, 8th Dist. Cuyahoga No. 107502, 2019-Ohio-1444 at ¶ 28-43.

**Analysis**

{¶ 18} Upon review, we find the trial court did not abuse its discretion in denying appellant's motion for relief from judgment, as the proper method for appellant to challenge that judgment is an appeal, not a Civ.R. 60(B) motion.

{¶ 19} According to the trial court's docket, the address appellant used on his July 25, 2017 filing was: North Central Correctional Complex, 670 Marion-Williamsport E, Post Office Box 1812, Marion, Ohio 43301. However, the court indicated, on the September 6, 2017 judgment that appellant's address was: North

7.

Central Correctional Institute, 670 Marion-Williamsport E, Marion, Ohio *43302* (Emphasis added.). On September 7, 2017, the clerk mailed the judgment to appellant at: N. Central Corr. Inst., 670 Marion-Williamsport E, Marion, Ohio 43302. On October 10, 2017, the clerk received returned mail for appellant.

{¶ 20} The record shows the clerk did not comply with Civ.R. 58(B), and did not complete service of the trial court's September 6, 2017 judgment. In order to complete service, the clerk was required to "serve the parties in a manner prescribed by Civ.R. 5(B)" which included mailing the judgment to appellant's "last known address." The record shows the clerk mailed the judgment to a wrong address and not appellant's last known address, as required by Civ.R. 5(B)(2)(c).

{¶ 21} Since service of the September 6, 2017 judgment was not complete, we find App.R. 4(A)(3) applies, and the time for filing an appeal from that judgment has not yet begun to run. Accordingly, appellant was not and is not prevented from filing a timely appeal from the trial court's September 6, 2017 judgment.

{¶ 22} In light of the foregoing, appellant's assignments of error are not well-taken.

{¶ 23} The judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are waived.

Judgment affirmed.

8.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                      _____
                                                   JUDGE

Thomas J. Osowik, J.

Gene A. Zmuda, J.                    _____
CONCUR.                                          JUDGE

                                       _____
                                                   JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.