[Cite as *State v. Geib*, 2022-Ohio-4037.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. Nos. 21CA0019-M |
| | 21CA0020-M |
| Appellee | 21CA0021-M |
| | |
| v. | |
| | |
| JONATHAN GEIB | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| Appellant | MEDINA MUNICIPAL COURT |
| | COUNTY OF MEDINA, OHIO |
| | CASE Nos. 20 CRB 00955 |
| | 20 CRB 00956 |
| | 20 CRB 00857 |
| | 20 CRB 00858 |

DECISION AND JOURNAL ENTRY

Dated: November 14, 2022

---

HENSAL, Judge.

**{¶1}** Jonathan Geib appeals his convictions from the Medina Municipal Court. For the following reasons, this Court affirms.

I.

**{¶2}** In three separate cases, Mr. Geib was charged with a total of two counts of criminal mischief, two counts of assault, one count of disorderly conduct, and one count of sexual imposition. All the counts involved the same victim and were set for trial together. The original trial date was converted to a change of plea hearing, but at the hearing Mr. Geib decided not to change his plea. His counsel subsequently withdrew from the matter. The municipal court reset the trial date, advising that it would not reschedule the trial again. New counsel entered an appearance for Mr. Geib but withdrew a month later, alleging that he had done so by mistake. At

a pretrial hearing eight days before the trial date, the municipal court appointed new counsel for Mr. Geib. That attorney moved for a continuance, arguing that he needed to conduct more discovery to be prepared for trial. A fourth attorney also entered a conditional notice of appearance, indicating that he would take over as counsel if the municipal court granted a continuance. The municipal court denied the written motion for continuance, however, and oral motions that Mr. Geib made before voir dire and opening statements.

{¶3} All the charges except the disorderly conduct one were tried to a jury. It found Mr. Geib guilty of one count of assault and one count of criminal mischief. The municipal court found him guilty of the disorderly conduct count and sentenced him to a total of 105 days in jail. Mr. Geib has appealed, assigning two errors.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT WOULD NOT GRANT APPELLANT A CONTINUANCE FOR ADDITIONAL TIME FOR NEWLY APPOINTED COUNSEL TO PREPARE FOR TRIAL.

{¶4} In his first assignment of error, Mr. Geib argues that the municipal court should have granted his motion for continuance to allow his appointed counsel time to prepare for trial. "The grant or denial of a continuance is a matter that is entrusted to the broad, sound discretion of the trial judge." *State v. Unger*, 67 Ohio St.2d 65 (1981), syllabus. Accordingly, this Court "will not reverse a trial court's decision absent a showing of an abuse of discretion." *State v. Chambers*, 9th Dist. Wayne No. 17AP0032, 2018-Ohio-5050, ¶ 17. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying an abuse of discretion standard, a reviewing court may not simply substitute its own judgment for that of the trial court. *Chambers* at ¶ 17.

**{¶5}** In *Unger*, the Ohio Supreme Court explained that "[t]here are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." *Id*. at 67, quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964). Among the factors the court should consider are:

> the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.

*Id*. at 67-68. "This Court examines the same factors in its review of the municipal court's decision relative to the motion for continuance." *State v. Robinson*, 9th Dist. Lorain No. 19CA011495, 2020-Ohio-4502, ¶ 25, quoting *R.H. v. J.H.*, 9th Dist. Medina No. 18CA0115-M, 2020-Ohio-3402, ¶ 7.

**{¶6}** Mr. Geib filed a written motion for continuance indicating that he wanted to continue the trial so that he could obtain police reports and other materials pertaining to one of the witnesses because they would challenge her credibility. He noted that his present counsel had only been recently appointed and argued that counsel would not be able to obtain the documents in time for trial. Mr. Geib also explained that his counsel was seeking to withdraw because their relationship had deteriorated.

**{¶7}** In denying Mr. Geib's written motion, the municipal court noted that Mr. Geib had presented two bases for his requested continuance: his request for additional discovery and his counsel's motion to withdraw. The court noted *Unger* and all its factors. After describing the history of the case, including the fact that Mr. Geib's counsel had been appointed only six days earlier, the court concluded that the *Unger* factors did not justify another continuance. It explained

that Mr. Geib had not set forth any specific time period for the continuance, that Mr. Geib's conduct had resulted in protracting the case, that Mr. Geib had previously been granted time to engage counsel, that he had terminated two attorneys in close proximity to the trial date, that the State had already twice issued subpoenas for its witnesses, and that the Court's jury trial schedule would require adding undue delay to the case. The court also found that Mr. Geib had not alleged that anything had prevented him from conducting the discovery he was seeking earlier and that, if Mr. Geib's relationship with his counsel deteriorated within six days, Mr. Geib must have had a hand in it. The court, therefore, inferred that Mr. Geib was purposefully obstructing the progression of the case. The court further found that any prejudice to Mr. Geib was of his own creation.

{¶8} At trial, Mr. Geib's counsel argued that the trial should be continued because he was not prepared to properly and effectively represent Mr. Geib. He also noted that Mr. Geib wished to introduce police reports and other documents regarding one of the witnesses, which he had not been able to obtain. Mr. Geib asserted that his first attorney misled him about the evidence the State had against him and the plea that had been negotiated then refused to continue to represent him when he declined the plea. He alleged that he had called around 30 attorneys to represent him but they were either too expensive or did not want to try a case in Medina County.

{¶9} The municipal court found that Mr. Geib's attorney knew when he accepted representation of Mr. Geib when the trial was scheduled and that the date would not be changed. It found there was still time to issue subpoenas that day. It also found that Mr. Geib had four months to obtain discovery from his first counsel and an additional six weeks to obtain it after the attorney withdrew. It further found that Mr. Geib had not given a credible reason to distrust his appointed counsel. The following day Mr. Geib's counsel renewed his motion to continue in front

of a different judge who was presiding, arguing that he was not prepared to proceed. The court denied the motion, finding that there had been nothing new argued that it had not previously considered.

{¶10} Mr. Geib has not cited *Unger* or discussed any of its factors. Instead, he argues that the municipal court pressured him to go forward even though his counsel was not prepared. He also argues that, if the court had granted the continuance, he could have been acquitted on all the charges instead of only some of them.

{¶11} Mr. Geib has not contested the municipal court's findings that he did not indicate how long of a continuance was necessary, that the trial had previously been continued, that the State had subpoenaed its witnesses multiple times, or that it would be some time before the court could reschedule the case. He has also not contested the court's finding that he could have obtained discovery earlier or that he contributed to the circumstances that gave rise to his request. In addition, this Court's review is limited to the record before it, and we cannot presume that the additional discovery would have aided Mr. Geib's defense.

{¶12} Upon review of the record, we conclude that Mr. Geib has failed to establish that the municipal court exercised improper discretion when it denied his motions to continue. Mr. Geib's first assignment of error is overruled.

II.

ASSIGNMENT OF ERROR II

DEFENDANT-APPELLANT'S TRIAL COUNSEL PROVIDED INEFFECTIVE
ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT
TO THE UNITED STATES CONSTITUTION.

{¶13} In his second assignment of error, Mr. Geib argues that his trial counsel was ineffective. To prevail on a claim of ineffective assistance of counsel, Mr. Geib must establish (1)

that his counsel's performance was deficient to the extent that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that but for his counsel's deficient performance the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A deficient performance is one that falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. A court, however, "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* at 689, quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955). In addition, to establish prejudice, Mr. Geib must show that there existed "a reasonable probability that, but for his counsel's errors, the outcome of the proceeding would have been different." *State v. Sowell*, 148 Ohio St.3d 554, 2016-Ohio-8025, ¶ 138.

{¶14} Mr. Geib's argument rests on his trial counsel's assertion that he was not prepared to effectively represent Mr. Geib because of how soon he was appointed before trial. According to Mr. Geib, his counsel's lack of adequate time to investigate and prepare affected the outcome of his trial.

{¶15} Mr. Geib's argument is premised on evidence outside the record. Because he was tried in municipal court, Mr. Geib may attempt to introduce such evidence through a motion for relief from judgment under Civil Rule 60(B). *State v. Denihan*, 11th Dist. Ashtabula No. 2016-A-0003, 2016-Ohio-7443, ¶ 19; *State v. Burner*, 1st Dist. Hamilton No. C-180516, 2020-Ohio-2930, ¶ 7-8. This Court cannot determine based on the record before it, however, whether there is a reasonable probability that the additional discovery Mr. Geib alleges could have been obtained

would have led to his exoneration on all the charges. We, therefore, overrule Mr. Geib's second assignment of error.

III.

{¶16} Mr. Geib's assignments of error are overruled. The judgment of the Medina Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
SUTTON, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

ERIC HALL, Attorney at Law, for Appellant.

J. MATTHEW LANIER, Prosecuting Attorney, for Appellee.