[Cite as *Tilton v. State*, 2026-Ohio-1509.]

## IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| DENNIS G. TILTON,<br><br>Plaintiff-Appellant,<br><br>- vs -<br><br>STATE OF OHIO,<br><br>Defendant-Appellee. | CASE NO. 2025-L-112<br><br>Civil Appeal from the<br>Court of Common Pleas<br><br>Trial Court No. 2025 CV 001105 |

## OPINION AND JUDGMENT ENTRY

Decided: April 27, 2026
Judgment: Affirmed

*Dennis G. Tilton*, pro se, 35673 West Island Drive, Eastlake, OH 44095 (Plaintiff-Appellant).

*Charles E. Coulson*, Lake County Prosecutor, and *Eric J. Foisel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Defendant-Appellee).

EUGENE A. LUCCI, J.

{¶1}     Appellant, Dennis G. Tilton, appeals the judgment of the Lake County Court of Common Pleas dismissing his "Complaint and Intent to File Petition for Post-Conviction Relief," pursuant to Civ.R. 12(B)(3) and (B)(6). Tilton's filing was premised upon R.C. 2953.21, Ohio's postconviction relief statute. The trial court determined it lacked jurisdiction to adjudicate Tilton's assertions. We affirm the trial court's determination.

{¶2}     Tilton was originally charged in the Willoughby Municipal Court with operating a vehicle while under the influence of alcohol ("OVI"), a misdemeanor of the

first degree, in violation of R.C. 4511.19(A)(1)(a); one count of operating a vehicle while under the influence of alcohol and refusing to provide a breath/blood sample, a misdemeanor of the first degree, in violation of R.C. 4511.19(A)(2); and lanes of travel upon roadways, a minor misdemeanor, in violation of R.C. 4511.25(A). Tilton was later charged with one count of resisting arrest, a misdemeanor of the second degree, in violation of R.C. 2921.33(A). Tilton pleaded "not guilty," and the case proceeded to a jury trial. Tilton was found guilty on all charges.

{¶3} At sentencing, the court ordered the two OVI counts to merge for purposes of sentencing. On the surviving OVI charge, the trial court ordered Tilton to serve 180 days in the Lake County Jail, 150 of which were suspended. On the resisting arrest charge, the court ordered Tilton to serve 90 days in the Lake County Jail, 65 of which were suspended. The court ordered the sentences to run concurrently. Tilton was also placed on a period of community control for 18 months. Moreover, the court ordered restitution to the victim, who testified her insurance covered the damage to her vehicle. The prosecutor represented the victim's deductible was $500 and, as a result, the court awarded restitution in the amount of the victim's deductible. Neither defense counsel nor Tilton contested the restitution order.

{¶4} Tilton appealed to this court. During the pendency of that appeal, Tilton filed voluminous motions. Of note, in a July 2025 omnibus judgment entry, this court overruled, inter alia, Tilton's request to supplement the appellate record with matters outside of the record (including alleged Americans with Disabilities Act ("ADA") materials) and Tilton's request to supplement the record with "complete and unredacted trial exhibits."

Case No. 2025-L-112

{¶5} In his appellate brief in that case, Tilton assigned multiple errors relating to the trial court's alleged violation of his right to due process, alleged prosecutorial misconduct, alleged ineffective assistance of counsel, alleged improper evidentiary admissions committed by the trial court, alleged due process violations by the prosecutor relating to *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the trial court's alleged error in ordering restitution, and the trial court's alleged denial of the ADA. On December 8, 2025, this court unanimously affirmed Tilton's convictions. *State v. Tilton*, 2025-Ohio-5471, (11th Dist.).

{¶6} In *Tilton*, this court determined, as a matter of fact, that Tilton refused medical treatment at the scene. *Id.* at ¶ 8-13. And, as a matter of law, (1) he was not denied due process based upon any alleged redactions of exhibits or video evidence, *id.* at ¶ 24-28; (2) there was no error in admitting the photos of the accident scene, *id.* at ¶ 44-46 and 53-54; (3) the trial court properly managed any claimed medical issues Tilton may have been experiencing at trial, *id.* at ¶ 73-74; (4) neither police nor first responders ignored nor disregarded any arguable medical issues Tilton was purportedly experiencing at the scene, *id.* ¶ 64; (5) the trial court did not err in awarding restitution to the victim, *id.* at ¶ 69-70; (6) there was no error when the trial court accepted the parties' joint stipulation regarding Tilton's prior conviction for OVI, *id.* at ¶ 37-39; and (7) that the record was properly and sufficiently transmitted, particularly after this court intervened to supplement the same with the transcripts of proceedings, *id.* at ¶ 22 and 24-28.

{¶7} Tilton subsequently filed a timely application for reconsideration which this court overruled on January 29, 2026.

Case No. 2025-L-112

{¶8} Meanwhile, on June 19, 2025, in the Lake County Court of Common Pleas, Tilton filed a "Complaint and Intent to file Petition for Post-Conviction Relief under R.C. 2953.21." In the filing, Tilton sought reversal of the convictions stemming from *Tilton* based upon various alleged errors. The State filed a motion to dismiss for failure to state a claim upon which relief could be granted. The trial court granted the motion to dismiss, underscoring that Ohio's postconviction statute, R.C. 2953.21(A)(1)(a), requires the petition to be filed "in that court that imposed sentence. . . ." The court concluded that "[s]ince this Court did not sentence Tilton, this Court is not the appropriate venue for a postconviction relief petition from him." The trial court accordingly dismissed the petition. Tilton appeals and assigns 16 errors for this court's consideration. We shall list each error at the outset. They provide:

> [1.] Error – NHTSA – Proscribed questioning and coerced speech[.]
>
> [2.] Error – Denial of hospital transport and omission of medical records[.]
>
> [3.] Error – Police failure to preserve evidence[.]
>
> [4.] Error – Failure of the police and defense counsel to investigate and address causation factors[.]
>
> [5.] Error – Failure to recognize and accommodate medical crisis testimony.
>
> [6.] Error - Counsel abandonment and negligence[.]
>
> [7.] Error – Fabricated or unsubstantiated damages[.]
>
> [8.] Error – Unsworn advocate statement and sentencing irregularities[.]
>
> [9.] Error – Improper sentence enhancement and prior-history stipulation[.]
>
> [10.] Error – Excessive bond and constructive denial of access[.]
>
> [11.] Error – Jurisdictional misstatement by the State[.]

[12.] Error – misuse of res judicata[.]

[13.] Error – Misapplication of Civ.R. 12(B)(6) to a statutory post-conviction filing[.]

[14.] Error – Disregard of *Brady* obligations[.]

[15.] Error – Ignored record-transmission motions[.]

[16.] Error – Cumulative procedural defects[.]

{¶9}     R.C. 2953.21(A)(1)(a) states that a person who meets various criteria, may file a petition for postconviction relief "in the court that imposed sentence." The court that imposed sentence in this matter was the Willoughby Municipal Court. Tilton's filing was therefore not processed in the appropriate court. On this basis alone, we need not address the merits of Tilton's assigned errors.

{¶10}   Further, in *State v. Cowan*, 2004-Ohio-1583, the Supreme Court of Ohio explained that "[m]unicipal courts are creatures of statute and have limited jurisdiction[,]" and that neither R.C. 1901.18 nor R.C. 1901.20, which confer civil and criminal jurisdiction to the municipal courts, provides for jurisdiction over postconviction-relief petitions in the municipal courts, emphasizing that "[h]ad the General Assembly envisioned such jurisdiction, it could have explicitly conferred it in R.C. Chapter 1901." *Cowan* at ¶ 11. As a result, the Court concluded "[a] municipal court is without jurisdiction to review a petition for post[c]onviction relief filed pursuant to R.C. 2953.21." *Cowan* at syllabus.

{¶11}   The trial court, in dismissing Tilton's petition, correctly emphasized these points. The trial court additionally explained that a municipal-court misdemeanant is not without a postconviction remedy. The trial court, citing this court's decision in *State v. Denihan*, 2016-Ohio-7443 (11th Dist.), recognized that misdemeanants are not without

Case No. 2025-L-112

recourse in postconviction matters. Rather, individuals convicted of misdemeanors that have potential claims based upon evidence dehors the record have recourse outside the parameters of R.C. 2953.21. Specifically, this court, in *Denihan*, stated:

> Crim.R. 57(B) provides that "[i]f no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists.

> "The criminal rules thus contemplate resort to the civil rules for procedures not anticipated by the criminal rules. And Civ.R. 60(B)(5) permits relief from a judgment for 'any . . . reason justifying [such] relief.' It follows that [Crim.R. 57(B), through application of Civ.R. 60(B),] may afford a criminal defendant relief from a judgment of conviction." *Miller* [*v. Walton*, 2005-Ohio-4855, ¶ 17 (1st Dist.)], citing *State v. Harrison,* . . . 2005-Ohio-4212, ¶ 10-12 [11th Dist.] (citation omitted). . . . Pursuant to Civ.R. 60(B), municipal courts may entertain motions to vacate their own judgments in criminal cases. An individual convicted in municipal court and seeking relief on the ground of ineffective assistance of counsel with evidence outside the record may therefore pursue relief from the misdemeanor conviction through a Civ.R. 60(B) motion to vacate.

*Denihan* at ¶ 18-19.

{¶12} The trial court determined, in light of the statutory language set forth in R.C. 2953.21(A)(1)(a) and the Supreme Court of Ohio's holding in *Cowan*, that it lacked jurisdiction to entertain Tilton's petition. The trial court was correct.

{¶13} Because the trial court lacked jurisdiction to consider Tilton's arguments, it rightly concluded it could not address his arguments. An "appellate court acts entirely as a court of errors . . . ." *Longworth v. Sturges*, 4 Ohio St. 690, 697 (1855). The trial court, in concluding the petition must be dismissed, determined the dismissal was appropriate under Civ.R. 12(B)(3) (improper venue) and Civ.R. 12(B)(6) (failure to state a claim upon

Case No. 2025-L-112

which relief might be granted). We agree with the trial court's conclusion, but for a different reason.

{¶14}  Pursuant to *Cowan*, we conclude the trial court lacked jurisdiction over the subject matter pursuant to Civ.R. 12(B)(1). As suggested above, a "petition for postconviction relief is a collateral civil attack on a criminal conviction." *State v. Peters*, 2019-Ohio-4617, ¶ 11 (6th Dist.)*,* citing *State v. Steffen*, 1994-Ohio-111, ¶ 60. Thus, the Ohio Rules of Civil Procedure apply. In light of the statutory and case authority, the trial court could not consider Tilton's petition for postconviction relief. As a matter of law, we find no error in the trial court's determination.

{¶15}  Therefore, appellant's assignments of error are without merit. The trial court's decision is affirmed.

MATT LYNCH, P.J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2025-L-112

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignments of error are without merit. It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.

Any pending motions are hereby overruled as moot.

Costs to be taxed against appellant.

_____
JUDGE EUGENE A. LUCCI


_____
PRESIDING JUDGE MATT LYNCH,
concurs


_____
JUDGE JOHN J. EKLUND,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-L-112